## CAMPBELL ET ALS. *vs.* THE STATE.

1. Any place, which for the time is made public by the assemblage of people, is a public place within the meaning of the act against gaming.

Error to the Circuit Court of Cherokee. Tried before the Hon. Geo. Goldthwaite.

RICE, for the plaintiffs in error, cited Clarke v. The State, 12 Ala. 492.

ATTORNEY GENERAL, for the State:

1. There was no error in the refusal of the court to charge "that a public place was a place where the public had a right to go." There are two kinds of public places—one public in itself, and the other made so by an assemblage of persons. To the first class belong court-houses, streets and market-houses of

a city, &c.; to the second class, the private residences of persons made public by large collections of people. To the first class the public have a *right to go*; to the second they would have no right to go, *unless invited*. An assemblage of large numbers of persons, by special invitation, at a private house, would make the place for the time being a public place, within the meaning of the act against gaming, and yet the public would have *no right to go there*.

2. The fact that five or six persons were refused admittance would not of itself make the place private; for the evidence is that many persons were passing in and out, when about ten or twelve were engaged in playing.

PARSONS, J.—The indictment against the plaintiffs in error contains two counts: The first is for playing at cards at a public place; the second for playing at cards in an out-house, where people resort. The plaintiffs in error were convicted, and it appears by the bill of exceptions that the playing took place in a room that had been vacant until within a few days of the time of the playing, when one McLain obtained permission to occupy it temporarily as a shoe-maker's shop, where, not having a family, he cooked his meals and slept on the floor; that on the night of the playing, which was during a term of the Circuit Court, ten or twelve persons were engaged there in playing at cards, among whom were the plaintiffs in error. According to some of the evidence, the door was shut and latched inside, but any one acquainted with the room could open the door from the outside. It appeared that some persons, to the number of five or six, came to the door during the playing and applied for admission, and that they were refused. But it also appeared that *many* persons passed in and out during the time of the playing, and that most persons were admitted on being recognised. The Circuit Court on the trial was requested to charge that a public place was a place where the public had a right to go, and to charge also that if the jury believed that as many as five or six persons were denied admittance to the room at the time of the playing, it could not be a public place. The court refused to give either of these charges.

We think the Circuit Court should not have charged the jury that a public place was a place where the public had a right to

go, if from the manner of giving the charge the idea would be excluded that any other place is public within the meaning of the statute against gaming. The latter was evidently the object of asking the charge, and doubtless it was the reason why it was refused. Our statute enacts, that if any person shall play at any tavern, or either of several other places which it mentions, " or any other public place, or in any out-house where people resort, at any game or games with cards," &c., " such person so offending shall on conviction thereof be fined in a sum not less than twenty and not exceeding fifty dollars."—Clay's Dig. 432, § 8. We think a shoe-maker's shop, into and out of which many passed during the gaming, although five or six were not admitted, is a public place within the meaning of the act. The words next following any other public place, in the act, are " or at any out-house where people resort." From this it appears that the Legislature intended to prohibit this vice, not only at public places to which the public had a right to go, but we think the words "or at any out-house where people resort," which immediately follow the sweeping clause " or in any other public place," were words of example, and they show that the Legislature intended every place as a public place which is for the time made public by the assemblage of people, whether by the lurements of the gaming or otherwise ; for certainly the public have, in general, no legal right to go to an out-house, as out-houses are presumed to be private property. This construction is sound, we think, whether we consider the letter or the policy of the statute. We cannot see that this opinion is at all contrary to the opinion of this court in Clarke v. The State, 12 Ala. Rep. 492, upon which the counsel of the plaintiffs in error relies. We think there was no error in overruling the two exceptions.

Let the judgment be affirmed.