By the Court.—Sedgwick, Ch. J.
The case is stated by the counsel for respondents to be as follows:—
“Starin was engaged in running an unlicensed and • therefore unlawful ferry boat between Staten Island and New York by means of a corporation called the Independent Steamboat Company. This company was *160 incorporated under the New Jersey .Act of April 7, 1875. The incorporators were persons other than Starin. The company’s business was to be that of common carriers and was to be transacted at, to and from all the places in New Jersey accessible by water on the Hudson river, Kill von Kull, Raritan bay, and their tributaries, and the cities of New York, Brooklyn, and all places on the Hudson river, Staten Island and Long Island. It also appeared that the incorporators of this company were men in the employment of or under the control of the defendant Starin; that the boats used by the company belonged to Starin or to corporations controlled by. him; and that its real business was to run ferries between New York and Staten Island.”
An injunction order was made restraining the Independent Steamboat Company and Starin, from running the steamboats named in the order, as ferry boats between New York and Staten Island, or any other boats or vessels as ferry boats between those places.
Starin, it is assumed now, disobeyed the order, and was found guilty of contempt in disobeying it. He appeals from that order, and on this appeal claims that the injunction order is void under sections 1809 and 1812 of the Code, as made without notice to the proper officer of the defendant corporation and as it suspends'the general and ordinary business of the corporation.
The facts that have been cited show that the running of the steamboats enjoined by the order, was the real business of the defendant corporation. It was not a particular thing done in the course of the business. It was a business and the defendant corporation had no other business, as matter of fact. I am satisfied that the Code refers to a business done in fact by a corporation, whether or not the charter permits them to do some other kind of business which it might do but does not do. The fact that really it ran a ferry unlawfully, necessarily involved according to the purpose of the injunction, that its business should be stopped. Its *161 business was stopped, so that the plaintiff might prevent the running of the ferry. The Code says the business shall not be stopped for any reason.
It is said that its incorporation did not justify its doing the business of running a ferry, and that in that sense it was not within its corporate powers. Several things might be said. It is enough to say, that when the injunction asked for, is to be aimed at the general and ordinary business of a corporation, the section necessarily although impliedly forbids that whatever must be determined against the corporation as the foundation or part of the foundation of the injunction, shall not be passed upon, if notice has not been given to a proper officer of the corporation.
In a case like this, a judge would call upon the plaintiff to show why such an order could be granted. The plaintiff would answer the business of the corporation is unlawful or ultra vires. The judge is obliged to say that a determination of that, cannot be made, without notice to the defendants. On notice they may meet the position.
In other words, the statute, when it prohibits such an injunction, prohibits the means by which such an injunction can only be made. I am of opinion then that the order was void against the defendant corporation.
For reasons of a similiar kind it wTas, as I think, void against Starin. What cannot be done directly, cannot be done indirectly. The injunction order against Starin, when obeyed would suspend the general business of the corporation-defendant. I mean to confine the bearing of what I say upon a case where the individual is joined as defendant with the corporation.
The case of the plaintiff substantially is, that, while it must be conceded that Starin is one person and the corporation is another' person by law, yet the corporation is a sham as far as it can be, after the law has created it and given it definite rights, against all including the plaintiff and Starin, and. Starin is really or in *162 effect the corporation. If all this be true, yet in fact the corporation was the person who did the business. The injunction supposed that the two were one, and that if Starin exercised his authority over the incorporators as his employees, as alleged, or over the boats as their owner, then, what has been here held to be the general business of the corporation would be stopped. I am. of opinion that the injunction against Starin is against the intent and letter of the Code.
If the injunction was against Starin as an agent of the corporation, there can hardly be a doubt that it would be void against him. On this case, as it is framed by the complaint and the positions taken by the plaintiff under it, it appears that substantially the relief as against Starin is ancillary and subordinate to the relief asked against the corporation. The former should follow the other and abide its disposition.
I am of opinion that the order adjudging the appellant guilty of contempt should be reversed with $10 costs and disbursements to be taxed, and the motion to punish denied with $10 costs.
Freedman and Trtjax, JJ., concurred.