## JAKE GOMPRECHT v. THE STATE.

° *No. 1238. Decided November 11th, 1896.*

1. **Gaming—Public House—A Certain Room Attached to a Storehouse—Allegation and Proof.**

Where an indictment for gaming charged, in the third count, that the offense was committed in a certain public house, the same being a gaming house; and, the fourth count, that the offense was committed in a room attached to a storehouse. Held: The third count was not sustained, the evidence failing to show that the house was a gaming house; and the fourth count was not sustained by proof which, while it showed the room was over a storehouse, failed to show that it was in any way connected therewith from the interior; the entry being an outside stairway.

2. **Same—Public House—Insurance Office.**

Where an indictment for gaming alleged that it was in "a public place, being a certain insurance office commonly open to the public for business purposes." Held: The allegation was sustained by proof that defendant was an insurance agent, doing a large business, which was transacted in said office: that the games were played in said office by parties invited to them by defendant, and during the time they were so played the office was kept closed to the general public, and business applicants were turned away.

3. **Same.**

A public house may be such by its proprietorship or its uses. If the general public have access, ingress or egress to a place for the purpose of business, pleasure, religion or amusement, it is a public place; it is a place usually accessible to the neighboring public, and it may be public during some hours of the day and private during other hours.

4. **Same.**

An office which is used as a public office for the transaction of business with the general public cannot, at the option of the proprietor, be closed during business hours for gaming purposes, and thus cease to be a public place or house and suddenly become a private office.

APPEAL from the County Court of Smith. Tried below before Hon. T. B. BUTLER, County Judge.

Appeal from a conviction for playing cards in a public house; penalty, a fine of $10.

The opinion states the case.

*Marsh & McIlwain* and *Fitzgerald*, for appellant, upon the proposition that the house was not a public house, cited Penal Code, Arts. 379 [355], 380 [356]; Parker v. State, 26 Texas, 204; Borders v. State, 24 Tex. Crim. App., 333; Comer v. State, 26 Tex. Crim. App., 509; Stewart v. State, 34 Tex. Crim. Rep., 33.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of playing cards in a public house, was fined $10, and prosecutes this appeal. The indictment contains four distinct allegations, charging an offense, to-wit: (1) That defendant played cards in a public house, the same being a certain insurance agent's office, commonly open to the public for business purposes; (2) that he played cards in a public house, to-wit: a certain business office, commonly open to the public for business purposes; (3) that

he played cards in a certain public house, the same being a certain gaming house; (4) that he played cards in a certain public house, to-wit: a certain room attached to a storehouse, and commonly used for gaming. The proof showed that the room or office in question was over a storehouse, but it failed to show that it was in any way connected therewith from the interior. The entry to the same was by an outside stairway. This disposes of the fourth charge. See, Stewart v. State, 34 Tex. Crim. Rep., 33. The evidence also failed to show that said room was a gaming house, and the third charge was not sustained. See, Miller v. State, 35 Tex. Crim. Rep., 650. The remaining question is, was said room a public place or house, within the meaning of the statute? The allegation is that it was "a public place, being a certain insurance agent's office, commonly open to the public for business purposes." The proof shows that the defendant, Gomprecht, was an insurance agent, engaged in said business in the city of Tyler, and that he was also a public accountant, and that he transacted his business in the office in question. According to his own statement, he did a large insurance business in said city, taking out policies on a number of lives of persons, and that he also did a considerable business as an expert accountant. According to the evidence, the games, for the most part, occurred in the evening; from first to last a number of persons participating in the social game of poker, as many as eighteen being named. Sometimes the game would be made up on the street; sometimes the defendant would invite the parties to come over and play; and sometimes he would send his porter for the parties. This playing, it seems, occurred in December, 1894, and January, 1895. One witness says he participated in six or seven games in said room, generally in the afternoon. Defendant enumerated ten games played in said room. It is also stated that, during the time the parties were playing, the office was kept closed, and that defendant would not permit anybody to come into the office except those who played; that is, that during such time he closed the office to the general public. However, the general public seem to have sought admittance, for he testifies that he turned away applicants for business, and that on one occasion he left, and went with an applicant to see about getting up an assignment. It has been held in this State that a public house or place may be such by its proprietorship or its uses. If the general public have access—that is, ingress and egress—to a place for the purpose of business, pleasure, religion, or amusement, it is a public place. As was said in Parker v. State, 26 Texas, 204: "A public place does not mean a place devoted solely to the uses of the public, but it means a place which is in point of fact public, as distinguished from private—a place that is visited by many persons, and usually accessible to the neighboring public. The object of the law is to prevent gaming at places which are within the observation of persons indiscriminately, because of the consequences resulting from the evil example. A place may be public during some hours of the day, and private during other hours. A lawyer's office may be a public place during the usual

hours of business, and private during the evening and night.   A lawyer's office may also be—and, in times like the present, many, doubtless, are —very private, quiet, and undisturbed places at all hours.   Whether a place is a public place or not, in contemplation of the statute on the subject of gaming, is a question of fact, or a mixed question of law and fact, and is always proper to be submitted to the jury, under the instruction of the court."   In that case, it seems that the persons participating in the game were also invited by the proprietor of the house, and that they played in the day time.   It is true, a greater number of games were played than in the present case; but it occurs to us that this would make no difference.   If it was a public place at the time the game was played, the offense would be complete if only one game was played.   Indeed, the facts of said case are very similar to those in the present case, and in that case the judgment was affirmed.   The proof here is unquestioned that the office was the business office of the defendant, and the proof was sufficient to show that it was open for business, according to the business of the proprietor, at the very time some of the games were played.   If the office is a private office, to which the public at the time had no access, then a game of cards would not be inhibited in said office, unless it was attached to a place for the retailing of spirituous liquors.   But we hold that an office which is used as a public office for the transaction of business with the general public, and, according to the custom of the business, is kept open during business hours, cannot, at the option of the proprietor, be temporarily closed during business hours, for the purpose of engaging in a game of cards, and so cease to be a public place or house, and suddenly become a private office.   In our opinion, the proof in this case sustained the indictment, and the judgment is affirmed.

*Affirmed.*