(May 31, 1898.)

## HOWELL v. BOARD OF COMMISSIONERS OF ADA COUNTY.

### [53 Pac. 542.]

COUNTY COMMISSIONERS—NO AUTHORITY TO REFUND TAX—COURT WILL NOT PASS ON VALIDITY OF LAW UNLESS NECESSARY.—Boards of county commissioners have no authority to refund a tax that has been paid, whether the tax was illegal or not. Boards of commissioners are not clothed with judicial functions, and are not authorized to pass upon the validity of a statute. Courts will not pass upon the validity of a statute in any case unless necessary to a decision of the case under consideration.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Brown & Cahalan, for Appellant.

No authorities cited on question decided.

Hawley & Puckett, for Respondent.

A tax voluntarily paid cannot be recovered back; the authorities are generally agreed, and it is immaterial in such a case that the tax has been illegally paid, or even that the law under which it was paid is unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law cannot compel him to make, he cannot afterward assign his ignorance of the law as the reason why the state should furnish him with legal remedies to recover it back. (Cooley on Taxation, 809.)

SULLIVAN, C. J.—The appellant, William Howell, presented his claim against the county of Ada, for a rebate of taxes paid on five thousand head of sheep for two and one-third months, for sixty-eight dollars and ninety-seven cents. The board of commissioners of said county disallowed said claim. Thereupon said Howell appealed to the district court, where

the case was tried *de novo* upon an agreed statement of facts, and the order of the board of commissioners was affirmed. This appeal is from the judgment of the district court affirming the order of said board. It appears from the agreed stipulation of facts that said Howell, in the year 1897, made a written statement under oath, as required by statute, and delivered the same to the assessor and tax collector of said Ada county, showing, among other things, that he was the owner of five thousand head of sheep, and that said sheep would be kept in said county during the year for the period of nine and two-thirds months; and thereafter he drove said sheep into Boise county, and made a similar written statement to the assessor of said Boise county, showing that said sheep would be kept in said Boise county for a period of two and one-third months during said year 1897; and thereupon said sheep were assessed to him in said Boise county for said period of two and one-third months, and the taxes paid. The assessor of Ada county, instead of assessing said sheep to the appellant for the said period of nine and two-thirds months, assessed them to him for the entire year of 1897. He paid the taxes so assessed, and presented his claim against the county January 15, 1898, a aforesaid, and it was not allowed. It also appears from the stipulation of facts that the board of commissioners based the order disallowing said bill for rebate of said taxes upon the alleged unconstitutionality of "an act entitled 'An act to regulate the assessment and taxation of livestock when kept, driven or pastured, or that may range in more than one county of this state.'" (See Sess. Laws, 1897, p. 22.)

The question that meets us at the threshold of this case is whether the board has the authority to rebate or refund the taxes, as claimed by the appellant. In support of the contention of the appellant, counsel cites several California authorities, and among them the case of *Hayes v. Los Angeles Co.,* 99 Cal. 74, 33 Pac. 766, in which the court holds that taxes erroneously or illegally collected may be refunded by order of the board of commissioners. That decision is based upon section 3804 of the Political Code of California, which is as follows: "Any taxes, per centum, and costs erroneously or illegally collected,

may, by the order of the board of supervisors, be refunded by the county treasurer." Our revenue statutes were largely copied from those of California, but said section 3804 was not adopted by the legislature of this state. The legislature having failed to adopt the section of the California statute on which said decision rests, that opinion is not an authority in the case at bar. The court requested respective counsel to furnish it with a citation of authorities, if any they had, holding that the board of commissioners had the power to refund taxes which had been paid. Several authorities have been cited, all of which are from California, and are not, for the reason above given, authority in this case. We know of no law in this state, nor has counsel cited us to any, authorizing a board of county commissioners to refund a tax which has been paid, whether the tax is illegal or not.

As the board of commissioners had no power to allow said claim under any state of fact, and the primary question involved being one of jurisdiction, it was unnecessary and improper for the board or the court to pass upon the validity of said act. The rule recognized by all courts is that the validity of a statute will not be passed upon in any case unless it is necessary to a determination of the case. That being the correct rule, the validity of said statute could not be passed upon in the determination of this case. The board of county commissioners, as shown by the record, held said act to be void. This court, in *Hampton v. Dilley,* 3 Idaho, 427, 31 Pac. 807, quoting from *People v. Saloman,* 54 Ill. 46, said: "To allow a ministerial officer to decide upon the validity of a law would be subversive of the objects and purposes of government, for, if one officer may assume infallibility, all other like officers may do the same, and thus an end be put to civil government, one of whose cardinal principles is subjection to the laws." It is also held in said opinion that it is the duty of all good citizens to obey whatever the law-making power promulgates as law, until the same shall have been passed upon by the courts in a proper and legitimate manner. Our statutes are ample to protect the citizen from illegal taxation, and in case an illegal tax is levied, if the person fails to appear before the board of equalization that

is provided for by law, he has another remedy—by injunction—to prevent the collection thereof. But when, as in this case, there is no appearance before the board of equalization, and no application made for the correction of said assessment, and the tax is voluntarily paid, the board is without authority to refund the tax so paid. The conclusion reached by the trial court is correct, but was arrived at upon a wrong theory. The judgment of the court below is affirmed, on the ground that a board of commissioners has no authority or power to refund taxes that have been paid. Affirmed. Costs of appeal awarded to respondent.

Huston and Quarles, JJ., concur.