(May 28, 1901.)

## McGINNESS v. DAVIS, Assessor.

[65 Pac. 364.]

CONSTITUTIONAL LAW.—The court will not pass upon the constitutionality of a law, unless it is absolutely necessary to a decision of the case under consideration.

STATUTE—VALIDITY.—The validity of a revenue will not be determined where the party attacking it fails to show that he has suffered injustice from an assessment thereunder from which he complains.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

W. C. Howie, for Appellant.

The law changing the date of assessment from the second Monday in April to the second Monday in January is unconstitutional and void, for the reason that it was not passed as required by the constitution in this: That in the House the first and second reading of the will was dispensed with under an *omnibus* resolution; that in the Senate the first reading was dispensed with by "unanimous consent." This would make the law unconstitutional. (*Cohn v. Kingsley,* 5 Idaho, 416, 49 Pac. 985; *Brown v. Collister,* 5 Idaho, 589, 51 Pac. 417.)

Frank Martin, Attorney General, for Respondent.

The same reasoning and the grounds of public policy, which led this court to refuse to inquire into the constitutionality of the act involved in the case of *People v. Alturas County,* 6 *Idaho,* 418, 55 Pac. 1067, apply with tenfold force to the case at bar. For the reason that the act in question has been reenacted, and that this suit was not commenced prior to such reenactment, this court should refuse to consider the constitutionality of the original passage of said act. (*Crocheron v. Shea,* 6 Idaho, 593, 57 Pac. 707.) The power of the legislature to pass curative statutes is well settled. (*Mattingly v. District of Columbia,* 97 U. S. 687; *Williams v. Board of Supervisors,* 122 U. S. 154, 7 Sup. Ct. R. 1244; *Shuttuck v. Smith,* 6 N. Dak. 56, 69 N. v. 12; *City of Clinton v. Walliker,* 98 Iowa, 655, 68 N. W. 431; *Finders v. Bodle,* 58 Neb. 57, 78 N. W. 480.)

SULLIVAN, J.—This action was brought to perpetually restrain the collection of certain taxes assessed against the appellant for the year 1898, and to have said assessment, and the sale made thereunder, declared void. The complaint sets up two alleged causes of action, one of which was decided in favor of plaintiff, and one against him. This appeal involves the judgment that was rendered against the plaintiff, who is appellant here.

The facts necessary to an understanding of this case are substantially as follows: An amendatory act, amending section 1428 of the Revised Statutes was approved March 8, 1897. (4th Sess. Laws, p. 30.) As that section stood prior to said

amendment, it provided that all taxable property should be assessed in the county in which it was situated on the second Monday of April, or, if not within the state on that day, where it is situated on the day of assessment. Said section, as amended by the act of March 8, 1897, changes the word "April" to "January." The section as amended provides that all taxable property shall be assessed in the county, city or district in which it is situated on the second Monday of January, or, if not within the state on that day, on the day of assessment. It appears from the record that on the seventeenth day of February, 1898, the assessor of said Elmore county demanded of appellant a statement of his property, as required by law, for the purpose of assessing it, which statement was given by appellant. Eight hundred head of cattle were listed in said statement, with other property, all of which was assessed to appellant. On the seventh day of March, 1898, the appellant sold and delivered to the purchaser all but nine head of said cattle so listed and assessed, and thereafter he did not notify the assessor of such sale, or offer to have the proceeds of said sale listed for assessment, or show why such proceeds should not be assessed for taxation against him. Appellant appeared before the board of equalization, and by affidavit set up the fact that he had sold said cattle on March 7, 1898, and asked that his assessment be reduced to the extent of seven hundred and ninety-one head of cattle—the number so sold. The board refused to make any reduction. Appellant thereafter paid the taxes on all property so assessed, except the seven hundred and ninety-one head of cattle, and refused to pay that tax. Thereupon, as required by law, the assessor and tax collector advertised the real estate of appellant for sale for the unpaid balance on the taxes so assessed, and this suit was brought to enjoin said sale and the collection of said taxes.

The contention of the appellant is that said assessment was illegal and void for the reason that the said act of March 8, 1897, was not legally enacted or passed—was not enacted in conformity with the provisions of the state constitution. To show the steps complained of in the passage of said bill, certified copies of the journal entries of both the House and Senate are

presented in the record. The constitutionality of said act is thus put in issue. This court has held that it will not pass upon the constitutionality of an act unless it is absolutely necessary for a decision of the case under consideration. (*State v. Ridenbaugh*, 5 Idaho, 710, 51 Pac. 750; *People v. Alturas Co.*, 6 Idaho, 418, 55 Pac. 1067; *State v. Baker*, 6 Idaho, 496, 56 Pac. 81.) The act in question involves the revenue laws of the state, and involves great public interest. It had been recognized as valid by the officers of the state, and of various counties of the state, and by the people, and was re-enacted in 1899, when the informality complained of was obviated; and the record fails to show that any injustice has been done appellant. By reason of his acts of commission and omission above set forth, he should be regarded as estopped from attacking the constitutionality of said act. As stated in the case of *People v. Alturas Co., supra,* the conclusion reached in this case is based upon the rule of estoppel demanded in this case by public policy. The judgment of the court below must be affirmed, and it is so ordered. Costs of this appeal are awarded to respondent.

Quarles, C. J., concurs.

Stockslager, J., did not sit at the hearing of this case, and took no part in the decision thereof.