(June 27, 1904.)

# CORKER v. COMMISSIONERS OF ELMORE COUNTY.
[77 Pac. 633.]

ROAD DISTRICT CONTRACTS—CONTRACTOR—POWER OF COMMISSIONERS
TO RELEASE CONTRACTOR.

1. A board of county commissioners has neither express nor implied power to accept the resignation of a bidder to whom they have duly and regularly awarded a contract under section 875, Revised Statutes (Sess. Laws 1899, p. 129), for the care, keeping and repair of the roads of a contract road district.

2. It is to the interest of the county that such contracts be enforced. On the other hand, it is against the interest of the county for contractors to be released and relieved from their obligations.
(Syllabus by the court.)

APPEAL from District Court in and for Elmore County. Honorable Lyttleton Price, Judge.

From a judgment of the district court approving and affirming an order of the board of county commissioners, a citizen and taxpayer appeals. Reversed.

The facts are stated in the opinion.

W. C. Howie, for Appellant.

That the board has no powers but those directly conferred on it by statute and can act only in the manner laid down by statute has often been held by this court. (*Gorman v. County Commissioners*, 1 Idaho, 553, 556, 557; *Conger v. Board of Commrs.*, 5 Idaho, 347, 48 Pac. 1064, and many other cases.) And having exhausted their power by acting in the manner and to the extent as provided by law, they have no power afterward to set aside, annul or modify their action. (7 Am. & Eng. Ency. of Law, 1008, and notes; *Cowell v. Martin*, 43 Cal. 605; *Harris v. Board*, 49 Cal. 662; *Sturgeon v. Hampton*, 88 Mo. 203 (212-214); *Board of County Commrs. v. Logansport & R. C. R. R.*, 88 Ind. 199; *Doctor v. Hartman*, 74 Ind. 221; *People v. Supervisors of Schenectady Co.*, 35 Barb. 408; *Dorsey v. Barry*, 24 Cal. 449.)

Daniel McLaughlin, for Respondent, files no brief.

AILSHIE, J.—On the nineteenth day of July, 1902, the board of commissioners of Elmore county duly and regularly let the contract to W. H. Davis for the keeping of the roads of contract road district No. 4 of Elmore county, in good repair as provided by law, for the term of two years from and after the twenty-ninth day of July, 1902. After the execution of the contract, and on the twenty-fifth day of July, the contractor made, executed and delivered to the board of commissioners his bond in due form conditioned for the faithful performance of his contract. At the July, 1903, meeting of the board of commissioners, the contractor, Davis, filed his written resignation as such contractor and asked the board to relieve him from his contract and discharge him from all liability thereon. The matter came on regularly for hearing on the twenty-first day of July, and, so far as the record shows, no evidence whatever was taken or heard by the board in the consideration of such resignation and application for discharge, and by a vote of two ayes and one nay, the board made and entered its order accepting the resignation. From the order so made and entered the appellant, C. E. Corker, a resident and taxpayer of Elmore county and road district No. 4 thereof, appealed to the district court. When the cause was called for trial in the district court, the appellant introduced the record of the proceedings of the board of commissioners in accepting the resignation, the contract entered into between the board and the contractor, and the bond given for the faithful performance of the terms of the contract. Thereupon the appellant offered to prove by his own testimony that the contractor had entirely failed to keep the roads of his district in repair and had neglected and failed to do any work thereon; that he had not lived up to the terms of his contract and had not complied with the requirements of law as to the duties of such contractor, and that by reason of his neglect to work and repair the roads and keep them in fair condition they had become impassable, and that at the time the board accepted his resignation it would have cost the county at least double the amount of the contract price to put the roads

in a reasonable state of repair and condition for travel.    After an extended statement by counsel for appellant as to the nature and character of the evidence he proposed to introduce by the witness, the court ruled upon the offer as follows: "The proffer of proof made by Mr. Howie is denied, for the reason that the court thinks it does not show an abuse of discretion on the part of the board in agreeing to terminate the contract in question; but that in that act they exercised a discretionary power which the law vests in them, and as far as the court can see, their act does not involve any abuse of that discretion, and for that reason the offer is denied."    To this ruling appellant excepted and thereupon rested his case.    No evidence was introduced by the respondents and the court rendered and entered his judgment approving and affirming the action of the board of commissioners.    From this judgment the appellant has prosecuted this appeal.    No appearance was made on the part of the respondents at the hearing in this court, but since that a brief has been filed by the county attorney on behalf of the board of commissioners.    We have made a very careful examination of this question independent of the citations and authorities presented, in order to find, if possible, some authority directly in point, but our research has not been rewarded with any covering a similar state of facts.    The authority for entering into such contracts as the one executed by the board in this case is found in sections 875, 876, 877, 878 and 879, as enacted and added to the Revised Statutes by act of February 7, 1899 (Sess. Laws 1899, pp. 127-132).    Section 875 authorizes the execution of such a contract and provides that it shall not be entered into for a period "less than two, nor more than three years for the respective contract road districts."    Section 876 prescribes the duties of such contractor in reference to keeping roads, bridges, etc., in good repair.    Section 877 contains the only power and authority found in the statute for the board of commissioners enforcing the terms of the contract and compelling a compliance therewith.    That section is as follows: "The board of county commissioners, upon learning that any of the public roads are not repaired and kept in good order by anyone contracting to do so in a contract road district, shall

have power and shall cause the same to be done by placing labor thereon; and such expense shall be retained from any amount that may be due him on his contract, and should that be insufficient, or nothing be due thereon, the deficiency or whole amount (as the case may be) shall be collected from his bondsmen, as other liabilities." Section 878 provides for making quarterly payments to the contractor, and section 879 directs that the tax collector shall collect the road poll taxes for such district and turn the same in to the county treasurer. The contention of appellant is that the board of commissioners have no right or authority to terminate such a contract or accept the resignation of a contractor or discharge him from the obligations of his contract. It must be conceded that there is no express authority in the statute for any such action on the part of the board of county commissioners, and if the authority exists it is implied rather than express. This court has heretofore been inclined to confine the action of boards of county commissioners within the express power granted them by the statutes. (*Gorman v. County Commissioners,* 1 Idaho, 553; *Conger v. Board of County Commrs.,* 4 Idaho, 740, 48 Pac. 1064; *Howell v. Board of Commrs.,* 6 Idaho, 154, 53 Pac. 542; *Fremont County v. Brandon,* 6 Idaho, 482, 56 Pac. 264; *Hampton v. Board of Commrs.,* 4 Idaho, 646, 43 Pac. 324; *Meller v. Board of Commrs.,* 4 Idaho, 44, 35 Pac. 712.) We are of opinion, however, that in the discharge of the duties for which such boards are created, they should not only be allowed to exercise the powers expressly granted, but in addition thereto should be allowed the exercise of such implied powers as are necessary to the complete discharge of the duties imposed upon them by statute. Entertaining this view of the scope of their authority to act, the question arises: Is it necessary to the complete discharge of their duties in reference to contracting for the care and keeping of the roads in contract road districts, that they have authority to accept resignations from road contractors and terminate such contracts and relieve them from the obligations of their contracts? It seems to us that the answer to this question must inevitably be in the negative. The board of commissioners contract for and on behalf

of the county. They are not the county but are rather its chief executive agents. The county can have no interest in relieving a contractor from his obligation. If the contractor has made a good bargain it is evident that he will never consent to a termination of the contract; if he has made a bad bargain, it is equally certain that the county, from a business point of view, is interested in enforcing that contract. So soon, however, as he finds he has entered into an unprofitable contract he is sure to bring all the pressure he can to bear upon the board of commissioners to have them relieve him from his obligation. In such a case, by underbidding others, he has possibly deprived the county of a more advantageous contract than it may thereafter be able to obtain. On the other hand, by the terms of section 877, *supra*, if the contractor fails to keep his obligation, the board is not authorized to terminate his contract, but rather to cause the work to be done and the roads to be kept in repair from time to time and to charge the same to the contractor and retain the expense thereof from any sum due him on his contract, and if there be not sufficient due for that purpose, to charge and collect the remainder from his bondsmen. It would appear, however, that the contract is still in force and effect and that its terms are enforceable by all the parties thereto. From the action of the board in awarding a contract any person aggrieved thereby, or any taxpayer of the county, may appeal to the district court (Sess. Laws 1899, p. 248), and if no appeal is taken within the statutory time the order is final and can no longer be questioned. The contract becomes an obligation from which the board cannot grant relief to the contractor or his bondsmen.

There is another consideration which leads us to believe that it was never intended that the board should have power to relieve a contractor from his obligation, and that is the provision of section 875, wherein it is enjoined upon the board that they cannot award such a contract for *less* than two years nor more than three years. Now, if they cannot award a contract for less than two years, and still by implication are permitted to release a contractor at any time, they would be doing by indirection what they cannot do directly and thus defeat

the express terms of the statute.  We do not think this can be done.

We conclude that the district judge should have reversed and vacated the order of the board of commissioners in accepting the resignation of the contractor.  The order and judgment of the district court affirming such action is reversed and vacated and the cause is remanded, with direction to enter judgment in harmony with the views herein expressed.  Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.