(April 2, 1920.)

I. T. KIMBLEY, FRANK SLADOSKI, W. NEDVIDEK, AXEL ECKMAN, ANDREW DORNDORF and C. L. TRAIL, Appellants, v. AIONE S. ADAIR, as County Treasurer and Tax Collector of Latah County, CLARENCE H. FREI, FRANK C. LYONS and FRED DARBY, as Commissioners of Good Road District No. 1, of Latah County, Idaho, Respondents.

[189 Pac. 53.]

CONSTITUTIONAL LAW—INJUNCTION—ISSUED WITHOUT NOTICE—DISSOLUTION.

1. The rule is well settled that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the case in which the constitutionality of such statute has been drawn in question.

2. Under the provisions of C. S., sec. 6774, an injunction which suspends the general and ordinary business of a corporation, granted without notice except when the people of the state are a party to the proceeding, is void, and the district court committed no error in dissolving it.

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Appeal from an order dissolving injunction. *Affirmed.*

Morgan & Boom, for Appellants.

If a good road district could be legally created or organized under the existing statute, it would be a *quasi*-municipal corporation, and the qualifications prescribed by the constitution for voters at elections would apply to an election for its creation and organization. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304.)

Where there is an unconstitutional law, or, what is the same thing, no law at all, providing for the creation or organization

of a corporation, its legal existence may be attacked collaterally.   (10 Cyc. 252–255; 10 R. C. L. 726; *Brandenstein v. Hoke,* 101 Cal. 131, 35 Pac. 562, and cases cited.)

A. H. Oversmith, for Respondents.

An injunction to suspend the general and ordinary business of a corporation cannot be granted without due notice of the application thereof to the proper officers.   The injunction issued in this case was without notice and is therefore void. (*Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84; *Grater v. Logan County High School Dist.* (Colo.), 173 Pac. 714.)

Where the constitutionality of a law is questioned, the court will not pass upon it unless it is necessary to a decision of the case.   The earlier Idaho cases announcing this doctrine will be found at the bottom of column 1, page 127, Flynn's Digest.

REDDOCH, Dist. Judge.—Action for an injunction against the treasurer and tax collector of Latah county, Idaho, and the commissioners of Good Road District No. 1 of said county, which will hereinafter be called the district, based upon the contention that C. S., sec. 1480, wherein it provides "only resident freeholders residing within the boundaries of such good road district shall be allowed to vote at any good road election," is unconstitutional and void; that by reason thereof, said district, the proceedings had and taken in the organization thereof, the indebtedness incurred thereby, warrants issued and taxes levied by said district are illegal and void.   Appellants, taxpayers and land owners within the district allege that the requisite preliminary and jurisdictional proceedings were taken and the district organized at an election held on March 1, 1919, by strictly complying with the provisions of C. S., chap. 65; that the commissioners of said district were elected at said election, and thereafter qualified as by law provided and proceeded to issue warrants to cover expenses incurred in carrying out the objects and purposes of said district and threaten to issue warrants for large sums of

money for future improvements, which will eventually become a lien upon the property of appellants and all taxpayers within said district, through and by virtue of taxes levied and to be levied against the taxable property within said district; that the commissioners of said district levied a tax of 25 mills on the dollar on all property within the district for the year 1919, which has been paid by the appellants and others to the county treasurer who now holds it; that said treasurer threatens to pay over said money to the treasurer of the district; that by reason of the proceedings creating the district being null and void, said district and its treasurer are not entitled to said money or any part thereof; that appellants and the parties paying said tax are the only parties entitled thereto; that the treasurer of said district, if permitted, will pay out said money in satisfaction of the indebtedness incurred by the district; that if said money is expended by the treasurer of the district, it will be lost to appellants, in that the treasurer is without sufficient money, property or means to satisfy judgments which might be recovered against him, on account of the money paid by appellants and others; that they will be without remedy and suffer irreparable injury; that they, nor either of them, have a plain, speedy and adequate remedy at law; that appellants do not know the exact amount of money paid to the county treasurer; that said treasurer is required to pay said money over to the treasurer of the district and will do so unless restrained by order of the court; that appellants intend to commence, as soon as may be, appropriate actions for the recovery of the money paid by them as taxes to the said county treasurer.

Upon this complaint, on January 5, 1920, the district judge issued, without notice to respondents or any of them, an injunction until the further order of the court, restraining the county treasurer from paying over the money collected and to be collected, to the treasurer of the district, or anyone else, on account of the tax levy made in 1919, and enjoining and restraining the treasurer and commissioners of the district from receiving or accepting said money, or any part thereof, also from expending or paying out any money in their hands

belonging to the district, or which might thereafter come into their hands or from contracting or attempting to contract or incur any further indebtedness or liability on behalf of said district.

On January 20, 1920, respondents filed their motion to dissolve the injunction on the following grounds: First, that the injunction suspends the general and ordinary business of a corporation and was granted without notice; second, that the complaint does not state a cause of action, or entitle the appellants to injunctive relief; third, that appellants are estopped to question the constitutionality of the good road district law, and fourth, that appellants do not have legal capacity to sue and are not in a position to question the constitutionality of the good road district law in an action of this kind. This motion came on to be heard on January 26, 1920, and the court issued an order dissolving said injunction, from which order this appeal is prosecuted.

Appellants assign as error the action of the court in granting respondents' motion to dissolve the temporary injunction and in making and entering its order dissolving the same. Appellants' position is that the provision of C. S., sec. 1480, hereinbefore mentioned, relating to the qualifications of voters at any good road district election, is unconstitutional, and for this reason said district has no legal existence, no lawful officers, and all of the proceedings and actions of its commissioners are void and of no effect. It is well settled that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the case in which the constitutionality of such statute has been drawn in question. (*Howell v. Board of Commrs.*, 6 Ida. 154, 53 Pac. 542; *State v. Baker*, 6 Ida. 496, 56 Pac. 81; *In re Marshall*, 6 Ida. 516, 56 Pac. 470; *McGinness v. Davis*, 7 Ida. 665, 65 Pac. 364; *State v. Jones*, 9 Ida. 693, 75 Pac. 819; *Mills Novelty Co. v. Dunbar*, 11 Ida. 671, 83 Pac. 932; 12 C. J. 780; 6 R. C. L., p. 76, sec. 74.)

If the action of the district court can be sustained on the record before us, sound public policy forbids that we deter-

mine the constitutional question. The temporary injunction was issued without notice and is broad and sweeping in its terms. We think the conclusion is inevitable that its effect was to suspend the general and ordinary business of said district. C. S., sec. 6774, provides that ''An injunction to suspend the general and ordinary business of a corporation cannot be granted except by the court or judge thereof, nor can it be granted without due notice of the application therefor to the proper officers or agent of the corporation, except when the people of this state are a party to the proceeding.'' It is contended that the necessity of giving notice was dispensed with by the allegation that the law under which the district was organized is unconstitutional. If this be the law, then the statute is nullified. A statute might be ever so invulnerable to attack upon this ground, yet, by the bare allegation that it was unconstitutional, it would be sufficient to dispense with notice in all cases, and by analogy, it ought to follow, that any allegation of the illegality of the statute under which a corporation claimed its existence would be sufficient to dispense with notice. It would be an abuse of discretion for the trial court to assume to determine such questions upon an *ex parte* application for an injunction. Questions of so grave a nature should not be decided until after notice and an opportunity to be heard by all parties in interest. It would be different if there was no statute permitting the organization of a corporation, or where there had been no attempt to comply with the statute authorizing incorporation. The record discloses that the district was organized under the statutes of this state, which are presumptively valid, until their invalidity is judicially determined in a proper proceeding. We then have a municipality created for the special purpose of improving the highways in the district under a statute presumed to be valid. An injunction which has the effect of suspending the general and ordinary business of a corporation, granted without notice, in violation of the statute, is void, and the district court committed no error in dissolving it. (*Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84;

*Town of Middletown v. Rondout & Oswego R. Co.,* 43 How. Pr. (N. Y.) 144; *Wilkie v. Rochester & S. L. R. Co.,* 12 Hun (N. Y.), 242; *Mayor etc. of City of New York v. Starin,* 56 N. Y. Super. Ct. 153, 2 N. Y. Supp. 346; *Town of Ft. Edward v. Hudson Valley R. Co.,* 127 App. Div. 438, 111 N. Y. Supp. 753; *Supreme Court of Independent Order of Foresters v. Supreme Court United Order of Foresters,* 94 Wis. 234, 68 N. W. 1011; *Chicago etc. R. Co. v. Iowa etc. R. Co.,* 142 Iowa, 459, 119 N. W. 261; 22 Cyc. 918, note 60; 13 Standard Proc. 146, note 38.)

The order of the lower court is affirmed.    Costs awarded to respondents.

Budge, J., concurs.

RICE, J., Concurring.—I concur in the conclusion reached. However, I am of the opinion that the statute providing that an injunction to suspend the general and ordinary business of a corporation cannot be granted without notice, is necessarily predicated upon the existence of a corporation *de jure* or *de facto.* By the great weight of authority a valid law is essential to the existence of a corporation, either *de jure* or *de facto.*

There is much force in the position that the question of the constitutionality of a statute should not be determined upon an *ex parte* application for an injunction, but I do not think it is necessarily an abuse of discretion for a court or judge to do so.

In this case I am also of the opinion that appellants are estopped from seeking the equitable relief of an injunction to prevent the application of the money paid by them as taxes to the liquidation of an indebtedness which they admit the purported corporation has incurred. Estoppel may be applied to the appellants whether the law authorizing the formation of the corporation is unconstitutional or not. (14 C. J. 246; *Penn Mut. Life Ins. Co. v. City of Austin,* 168 U. S. 685, 18 Sup. Ct. 223, 42 L. ed. 626, see, also, Rose's

U. S. Notes; *City of Coalgate v. Gentilini*, 51 Okl. 552, 152
Pac. 95; *Grater v. Logan County High School Dist.* (Colo.),
173 Pac. 714.),