176 P.2d 199

STATE v. MUSSER.

No. 7301.

Supreme Court of Idaho.

Dec. 14, 1946.

Charles F. Reddoch, James H. Hawley and Vernon K. Smith, all of Boise, for appellant.

Frank Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Blaine, Pros. Atty. and C. Stanley Skiles, City Atty., all of Boise, for respondent.

BUDGE, Justice.

This is an appeal from a judgment of conviction. Appellant was found guilty of drinking intoxicating liquor in a public place in violation of Section 4-802, Boise City Code, 1936. The charging part of the complaint alleges: "That J. B. Musser of Boise City, Idaho, on or about the 11th day of January, 1946, at the City of Boise, in the County of Ada, State of Idaho, did commit the crime of misdemeanor by then and there being, did wrongfully and unlawfully then and there drink intoxicating liquor in a public place, to-wit: the restaurant of the Boise Hotel."

The pertinent part of the ordinance under which the charge against appellant is laid is as follows: "4-802. Drinking in Public Places—Any person who shall in any public place * * * drink any intoxicating liquor of any kind * * * shall be deemed guilty of a misdemeanor."

The validity of the ordinance is attacked by appellant, his contention being, first, that it is unconstitutional; second, that it is an unconstitutional exercise of the police power of Boise City; and, third, that it conflicts with the Idaho Liquor Act. (Session Laws, 1939, Chapter 222.)

The facts are stipulated, from which it appears that appellant committed the act charged in the complaint. Appellant specifies seven assignments of error. We do not deem it necessary to discuss these assignments verbatim.

It might be well here to briefly call attention to the fact that prior to the amendment Section 26, Article 3 of the Constitution read as follows: "From and after the first day of May in the year 1917, the manufacture, sale, keeping for sale, and transportation for sale of intoxicating liquors for beverage purposes are forever prohibited. The legislature shall enforce this section by all needful legislation."

The above constitutional provision was adopted in furtherance of Section 24, Article 3 of the Constitution, which reads as follows: "Promotion of temperance and morality.—The first concern of all good government is the virtue and sobriety of the people, and the purity of the home. The legislature should further all wise and well directed efforts for the promotion of temperance and morality."

The legislature, in its 1933 session (Session Laws, 1933, p. 470), submitted the following proposed amendment to Section 26, Article 3 of the Constitution: "From and after the thirty-first day of December in the year 1934, the Legislature of the State of Idaho shall have full power and authority to permit, control and regulate or prohibit the manufacture, sale, keeping for sale, and transportation for sale, of intoxicating liquors for beverage purposes."

The amendment was ratified by a vote of the people at the November 1934 general election. (Session Laws, 1935, p. 375.)

■ Under Section 26, Article 3 of the Constitution, and prior to its amendment, the legislature was empowered to enact all needful legislation to *prohibit* the manufacture, sale, keeping for sale, and transportation for sale, of intoxicating liquors for beverage purposes, whereas, by the amendment, supra, the legislature was granted full power and authority to authorize the sale of intoxicating liquors for beverage purposes and to regulate and control the traffic therein in every way and in all respects. In other words, by the amendment last referred to the state ceased to be a prohibition state.

The legislature in January 1935, following the adoption of the constitutional amendment, passed what is known as the Idaho Liquor Control Act (Session Laws, 1935, Chapter 103, p. 222) reserving to the State the right to buy, sell, and generally traffic in intoxicating liquors. The liquor control act of 1935, supra, was repealed by Chapters 14 and 222 of the 1939 Session Laws, pp. 30 and 465, respectively. Section 102 of Chapter 222 declared that it is "passed in the exercise of the police power of the state."

■ The purpose of the act and the end to be attained was the control of traffic in intoxicating liquors by the State and making a profit to the state. The act vested in the liquor board full power and authority to do everything necessary to be done in order to control the liquor traffic. In this field, neither the constitutional amendment, nor the liquor act, nor any other act of the legislature that we know of, sought to control the drinking of intoxicating liquor in any public place within the corporate limits of a municipality. Under such circumstances, the municipality would not be prohibited from legislating. Sternall v. Strand, Cal.App., 172 P.2d 921; Southern California Law Review, Vol. IX, No. 2, January, 1936; 37 Am.Jur. sec. 287, p. 923 at 924; 37 Am.Jur. sec. 165, p. 787 at 790; Giddings v. Board of Trustees, 165 Cal. 695, 133 P. 479.

It was held in State v. Quong, 8 Idaho 191, 67 P. 491, 492: "The burden of policing the different cities should not be thrown upon the state, nor upon the county in which the particular city in question may be situated. A prompt and efficient police service is absolutely necessary to a well regulated and conducted city."

■ Boise City possesses full police power in affairs of local concern. The amendment to section 26, article 3 of the Constitution did not vest exclusive jurisdiction in the legislature to control the liquor traffic within the limits of incorporated cities and towns. (Article 12, Section 2, Constitution.) It will be further noted that neither the constitutional amendment nor the Idaho Liquor Act provides for or suggests a change or suspension of the Boise City Charter in any respect. It is

settled law in this jurisdiction that a special charter, such as Boise City has, cannot be amended by general law. Hoffer v. City of Lewiston, 59 Idaho 538, 85 P.2d 238, and cases therein cited; Bagley v. Gilbert, 63 Idaho 494, 122 P.2d 227.

■ Article 12, section 2 of the Constitution provides: "Any county, or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

Under the above constitutional provision counties, cities and towns have full power in affairs of local government notwithstanding general laws of the state defining and punishing the same offense. Session Laws, 1939, chap. 215, sec. 6, p. 441; McQuillan Mun. Corp., 2d Ed., sec. 795, p. 962; City of Delta v. Charlesworth, 64 Colo. 216, 170 P. 965; State v. Quong, supra; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; State v. Robbins, 59 Idaho 279, 81 P.2d 1078; State v. Hart, 66 Idaho 217, 157 P.2d 72; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425; People v. Velarde, 45 Cal.App. 520, 188 P. 59.

In 14 Cal.Jur. sec. 8, p. 726, referring to a constitutional provision practically identical with Article 12, section 2, supra, it is stated: "This power, vested by direct grant, is as broad as that vested in the legislature itself, subject to two exceptions: it must be local to the county or municipality and must not conflict with general laws. The regulation or prohibition of the traffic in intoxicants is a police regulation, within the meaning of the constitution, but, of course, applies only to local jurisdictions. * * *"

■ The ordinance attacked prohibits and provides punishment for drinking intoxicating liquor of any kind in any public place within the corporate limits of the municipality. The general law is silent upon this subject. There is, therefore, no conflict between the general law and the municipal ordinance. The ordinance is not repugnant to, nor in conflict with, the statutes, neither does it violate any constitutional principle, but merely a further or additional regulation enacted by the city under its police power, specifically granted to counties, cities and incorporated towns by Section 2, Article 12 of the Constitution. State v. Quong, supra; State v. Robbins, supra; State v. Hart, supra; Clark v. Alloway, supra.

In Clark v. Alloway, supra [170 P.2d 431], the following quotation appears:

"In Mann v. Scott, 180 Cal. 550, 182 P. 281, 283, the court said: 'Where the Legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipality with subordinate power to act in the matter may make such new and additional regulations in aid and furtherance of the purpose of the general law as may seem fit and appropriate to the necessities of the particular locality, and which are not in themselves unreasonable.'

220

19 R.C.L. sec. 110, pp. 803-4; State v. Quong, 8 Idaho 191, 67 P. 491; Ex parte Hoffman, 155 Cal. 114, 99 P. 517, 132 Am. St.Rep. 75; Society Theatre v. City of Seattle, 118 Wash. 258, 203 P. 21; Portnoy v. Superior Court [of Riverside County], Cal.App., 116 P.2d 804; Natural Milk Producers Ass'n v. City and County of San Francisco, 20 Cal.2d 101, 124 P.2d 25."

"Indeed, an act may be a penal offense under the laws of the State, and further penalties, under proper legislative authority be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other." 1 Cooley's Const.Lim., 8th Ed., p. 414. State v. Hart, supra.

In Mayor, etc., of City of Mobile v. Allaire, 14 Ala. 400, the validity of a municipal by-law, imposing a fine of $50 for assault and battery committed within the city, was brought in question. Collier, C. J., says: "The object of the power conferred by the charter, and the purpose of the ordinance itself, was not to punish for an offence against the criminal justice of the country, but to provide a mere *police regulation,* for the enforcement of good order and quiet within the limits of the corporation. So far as an offence has been committed against the public peace and morals, the corporate authorities have no power to inflict punishment, and we are not informed that they have attempted to arrogate it. It is altogether immaterial whether the State tribunal has interfered and exercised its power in bringing the defendant before it to answer for the assault and battery; for whether he has there been punished or acquitted is alike unimportant. The offence against the corporation and the State are distinguishable and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis; the one contemplates the observance of the peace and good order of the city; the other has a more enlarged object in view, the maintenance of the peace and dignity of the State." See, also, cases cited in 1 Cooley's Const.Lim., 8th Ed., p. 415.

The legislature and municipality, independent of the constitutional provision, have power to regulate the traffic in intoxicating liquors, and by so doing would not violate any constitutional provision. The legislature may regulate and prohibit the traffic in intoxicating liquor under its plenary power, and a municipality may do likewise under its police power.

It is contended by appellant that sec. 102, chap. 222, Session Laws, 1939, is a superior statute with which the ordinance is in conflict on the subject of liquor control.

That section is, in effect, merely a preamble to the whole act, expressing the purpose, object and intent of the legislature in the enactment of the statute. It does not provide that a person may drink intoxicating liquor in a public place within the corporate limits of a municipality. The

city ordinance prohibits drinking intoxicating liquor in a public place. It is, therefore, not in conflict with, nor repugnant to, the statute.

We have reached the conclusion that the ordinance is not in violation of Section 26, Article 3 of the Constitution, as amended, therefore not unconstitutional; that it is not an unconstitutional exercise of the police power of Boise City; neither is it in conflict with the Idaho Liquor Act, Session Laws, 1939, Chapter 222. Therefore, the court did not err in overruling the demurrer interposed to the complaint. The complaint stated a public offense under the ordinance, and the court committed no error in the admission of evidence in the course of the trial. State v. Nelson, 10 Idaho 522, 79 P. 79, 67 L.R.A. 808, 109 Am.St.Rep. 226, 3 Ann. Cas. 322.

Appellant urges that Section 4-802, Boise City Code, 1936, is void for uncertainty, in that it does not define a "public place."

37 Am.Jur. sec. 163, p. 785, states the rule applicable as follows: "It is a well-recognized principle of law that an ordinance must be definite and certain. * * * The reason that an ordinance, such as one of a regulatory or prohibitory nature, must be clear, definite and certain is that an average man should be able, with due care, after reading the same, to understand and ascertain whether he will incur a penalty for particular acts or courses of conduct.

If he cannot reach such a determination from examination of an ordinance, it is void for uncertainty. There is no hard and fast rule determining whether any given ordinance is void for indefiniteness. The rule of reason must be applied to every case as it arises. An ordinance will be held to be sufficiently certain where it is obvious that an average man reading it will understand under what circumstances he will be committing an offense which the ordinance purports to regulate or forbid and to punish." Territory v. Hop Kee, 21 Hawaii 206, Ann.Cas.1915D, 1082; [Town of] Jonesboro v. Kincheloe, 148 Tenn. 688, 257 S.W. 418, 32 A.L.R. 1367; [Village of] Wonewoc v. Taubert, 203 Wis. 73, 233 N.W. 755, 72 A.L.R. 224.

It cannot be logically contended that an average man would not understand from a reading of the ordinance in question that he was violating its terms.

"Every place is a public place which is for the time made public by the assemblage of people, whether by the allurement of gaming or otherwise." Campbell v. State, 17 Ala. 369, 371; Section 904, Sess.Laws, 1939, Chap. 222, p. 480; Black's Law Dict. (3d Ed.) p. 1461; 35 Words and Phrases, Perm.Ed., pp. 258–266.

A hotel is a public place. State v. Welch, 88 Ind. 308, 310; Gomprecht v. State, 36 Tex.Cr.R. 434, 37 S.W. 734; People v. Soule, Co.Ct., 142 N.Y.S. 876, 880; State v. Ashby, 40 Idaho 1, 230 P. 1013.

Finding no reversible error in the record the judgment is affirmed, and it is so ordered.

GIVENS, J., and SUTPHEN, D. J., concur.

HOLDEN, Justice (dissenting in part and concurring in part).

To give a complete understanding of the facts and origin of this prosecution, it should be stated, and I quote from the record:

"January 11, 1946, the defendant [appellant] Musser, pursuant to an announced intention so to do, went to the coffee shop room of the Hotel Boise, in Boise City, Ada County, Idaho, at about 10 o'clock A.M., where he had requested the prosecuting attorney and the attorney general of the State of Idaho to be present and arrest him if they desired, for taking a drink; that at this particular time and place there were between 75 and 100 persons present, consisting of patrons and spectators, at which time the defendant ordered a sandwich and then took from his pocket State's Exhibit No. 4, containing whiskey of more than four per cent. alcohol, and poured a drink therefrom and drank it, and he was thereupon arrested." Pages 5 and 6, transcript.

In other words, this case is prosecuted to test the validity of sec. 4-802 of the Boise City Code, 1936. The decisive, as well as the only, question presented by the record in this case, goes to the validity of that section. If that section conflicts with the "Idaho Liquor Act" (chap. 222, S.L.1939), as contended by appellant, then, of course, it would constitute an unlawful exercise of police power, rendering it invalid. But it does not appear the legislature legislated upon the subject of drinking intoxicating liquor in public places; hence, sec. 4-802, supra, could not conflict with chap. 222, supra, and I may add, it does not appear the section conflicts with any provision of the state constitution.

Furthermore, this court has repeatedly held and is firmly committed to the rule the constitutionality of a statute will not be passed on unless essential to a decision of the case. Albrethsen v. State, 60 Idaho 715, 718, 96 P.2d 437; Howell v. Board of Com'rs of Ada County, 6 Idaho 154, 53 P. 542; McGinness v. Davis, 7 Idaho 665, 65 P. 364; Jack v. Village of Grangeville, 9 Idaho 291, 74 P. 969; Mills Novelty Co. v. Dunbar, 11 Idaho 671, 83 P. 932; Logan v. Carter, 49 Idaho 393, 288 P. 424; In re Allmon, 50 Idaho 223, 294 P. 528; Garrity v. Board of County Com'rs, 54 Idaho 342, 343, 34 P.2d 949; State Ins. Fund v. Board of Com'rs of Owyhee County, 54 Idaho 359, 34 P.2d 956; Kimbley v. Adair, 32 Idaho 790, 189 P. 53; In re Brainard, 55 Idaho 153, 39 P.2d 769.

It will be noticed the majority opinion expressly holds the legislature has not legislated upon the subject of drinking in-

toxicating liquor in a public place. That "the general law is silent upon this subject. There is, therefore, no conflict between the general law and the municipal ordinance." Hence, that that section (4-802, supra) is valid. That, of course, fully disposes of the case at bar. Why, then, brush aside the long established rule *that this court will not pass upon the constitutionality of a statute unless essential to a decision of the case?* Hence, I do not concur in that part of the majority opinion passing on the constitutionality of the ordinance, but the judgment, nevertheless, should be affirmed because there is no conflict between the ordinance and the statute, chap. 222, Session Laws 1939.

MILLER, J., concurs with the views above expressed by HOLDEN, J.