289 P.2d 623

Ray TERHAAR et al., Plaintiffs-Appellants,

v.

JOINT CLASS A SCHOOL DISTRICT NO. 241 of Idaho, Adams and Lewis Counties and the Trustees thereof, et al., Defendants-Respondents.

No. 8240.

Supreme Court of Idaho.

Oct. 6, 1955.

Rehearing Denied Nov. 22, 1955.

William J. Dee, Grangeville, Oscar W. Worthwine, Boise, for appellants.

Paul G. Eimers, Grangeville, for respondents.

TAYLOR, Chief Justice.

■ Appellants (plaintiffs) in this action challenged the legality of the organization of Joint Class A School District No. 241 of Idaho, Adams and Lewis Counties (respondent), and sought to have the organization of the district declared null and void, and to enjoin the trustees from proceeding with a proposed bond election in said district. The relief sought was based upon the ground that the law, Title 33, Chap. 3, Idaho Code, as amended, under which the district was organized, is unconstitutional. The district court denied the injunction and, after sustaining demurrers to the complaint, dismissed the action. Plaintiffs brought this appeal from the judgment of dismissal. Subsequent to the denial of the injunction, the bond election was held and the proposed bond issue was rejected by the voters of the district. Thereafter, by proceedings subsequent to this appeal, the respondent school district was divided and two new districts created out of its territory. It does not appear that the legality of the new districts is dependent on that of the old. Thus the issues involved have become moot.

■ The constitutionality of a statute will not be determined unless such determination is necessary to the determination of the issues actually before the court. Howell v. Board of Commissioners of Ada County, 6 Idaho 154, 53 P. 542; Kimbley v. Adair, 32 Idaho 790, 189 P. 53; In re Brainard, 55 Idaho 153, 39 P.2d 769; Poffenroth v. Culinary Workers Union Local No. 328, 71 Idaho 412, 232 P.2d 968; State v. Heitz, 72 Idaho 107, 238 P.2d 439; State ex rel. Nielson v. City of Gooding, 75 Idaho 36, 266 P.2d 655.

The issues originally presented, having become moot, this court will not retain the cause for the purpose of considering

the constitutionality of the act under which the original district was created.

Appeal dismissed. No costs allowed.

KEETON, PORTER and SMITH, JJ., concur.

ANDERSON, Justice (dissenting).

While I do not concede that this case has become moot, nevertheless, if it has become moot, the questions involved relative to the school reorganization act, its constitutionality, etc., are in my opinion of such great public interest they should be settled.

There appears to be no Idaho case squarely on the question of the court's deciding a moot case of great public interest. However, in Boise City Irrigation & Land Co. v. Clark, 131 F. 415, at pages 418, 419, an Idaho case before the Ninth Circuit Court of Appeals, the court decided a moot case on fixing of maximum water rates, saying:

"It is contended on the part of the appellees that, as the period for which the rate in question was fixed has expired, the case has become but little, if any, more than a moot case; but the courts have entertained and decided such cases heretofore, partly because the rate, once fixed, continues in force until changed as provided by law, and partly because of the necessity or propriety of deciding some question of law presented which might serve to guide the municipal body when again called upon to act in the matter."

The case of Toncray v. Budge, 14 Idaho 621, 95 P. 26, was not a case which became moot, but was a case where the court could have held that it lacked jurisdiction. It did not so hold, and proceeded to pass upon, among other things, the constitutionality of a statute. 95 P. at page 29. That case by analogy shows that this court at times disposes of cases upon their merits where it is not necessary to do so. The court, in deciding the Toncray case on its merits and interpreting and construing a provision of the constitution, stated, 14 Idaho at page 645, 95 P. at page 34:

"* * * the question involved is of such general public importance that the views of the court of last resort ought to be speedily given thereon."

The Washington Supreme Court, in the case of State ex rel. Yakima Amusement Co. v. Yakima County, 192 Wash. 179, 73 P.2d 759, 761, relative to deciding a moot case, said:

"* * * when the questions involved are of great public interest, and the real merits of the controversy are unsettled, the court will consider the questions involved, notwithstanding the fact that they have become moot. O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675."

The school reorganization act has been before this court previously, but its con-

stitutionality has not been decided by the court. It is my opinion that this question should now be decided because of the general and great public interest throughout the entire state, and especially in view of the fact that until this court decides the constitutionality of the school reorganization act it leaves uncertainty as to its validity, and the probability of further litigation thereon.   .