[L. A. No. 3371.   In Bank.—June 23, 1913.]

H. A. GIDDINGS, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF SAN BUENAVENTURA et al., Respondents.

POLICE POWER — MUNICIPAL CORPORATIONS — TRAFFIC IN ALCOHOLIC LIQUORS.—The regulation or prohibition of the traffic in alcoholic liquors is a police regulation, within the meaning of the provision of the constitution giving to cities, counties, and towns the power to enforce within their limits all police regulations not in conflict with general laws.

ID.—LOCAL OPTION ACT—PROHIBITING TRAFFIC IN ALCOHOLIC LIQUORS IN CITY—ELECTION WITHIN TWO YEARS AUTHORIZING LICENSING

OF SALE.—Under the so-called Local Option Act of April 4, 1911 (Stats. 1911, p. 599), the authority of the board of trustees of a city to exercise their police power by enacting an ordinance prohibiting the traffic in alcoholic liquors in the city is not impaired by reason of the fact that at an election regularly called and held within a period of less than two years it was determined that the sale of alcoholic liquors should be licensed in the city.

ID.—ADOPTION OF PROHIBITIVE ORDINANCE BY INITIATION OF ELECTORS.— The electors of the city, under the constitution and under the initiative act of January 2, 1912 (Stats. 1911 (Ex. Sess.), p. 131), having authority to exercise the same powers in that connection which the board of trustees may exercise, may, by a proper petition, make it obligatory upon the board of trustees to pass such a prohibitive ordinance, or to call an election submitting the ordinance to the electors in the manner provided by the act of January 2, 1912.

APPLICATION for a Writ of Mandate directed to the Board of Trustees of the City of San Buenaventura.

The facts are stated in the opinion of the court.

Don G. Bowker, Clay G. Knox, and Merle J. Rogers, for Petitioner.

Frank H. Orr, and James, Smith & McCarthy, for Respondents.

ANGELLOTTI, J.—This is an application for a writ of mandate requiring respondents either to adopt an ordinance proposed by electors of the city, or to call a special election in said city and to submit such proposed ordinance to the electors thereof at such special election. The proposed ordinance is one in effect prohibiting the traffic in alcoholic liquors in said city. This application was originally made to the district court of appeal for the second district, which issued an alternative writ of mandate. After hearing in such court, it was ordered that a writ of mandate issue as prayed for. Subsequently, upon petition therefor, it being made to appear that the questions involved were of very general interest throughout the state and that there was some conflict in the decisions of at least two of our district courts of appeal thereon, the judgment of the district court of appeal was vacated and the proceeding transferred to this court for determination. The following is a portion of the opinion

of the district court of appeal, written by Presiding Justice Allen:

"The case is this: The electors of San Buenaventura, a city of the fifth class, under the provisions of an act approved April 4, 1911 (Stats. 1911, p. 599), generally known as the Local Option Act, determined at an election regularly called and held in August, 1911, that 'the sale of alcoholic liquors be licensed in the city.' Thereafter the board of trustees adopted an ordinance regulating the sale of alcoholic liquors and provided for the issuance of licenses therefor. On April 1, 1912, a petition was presented, signed by the requisite number of electors, requesting such board of trustees to enact, without alteration, a certain ordinance attached to such petition, or to call an election and submit to the electors such ordinance, the same being, in effect, one prohibiting the traffic in alcoholic liquors in said city. This petition was presented, with the accompanying ordinance, and the request made under the provisions of an act approved January 2, 1912 (Stats. 1911, (Ex. Sess.), p. 131), known as the Initiative and Referendum Act. This last act was passed to provide by general law the manner of exercising the initiative and referendum powers in cities, counties, and towns of the state in obedience to the recent amendment to the constitution. The board of trustees of San Buenaventura have refused to enact such ordinance so presented, or to call an election and submit such proposed ordinance, upon the theory that under the Local Option Act the people had at a popular election once determined the question, and under the provisions of such act a second election should not be called until after the lapse of two years. It is true that this Local Option Act provides that 'no election under this act shall be held within two years of any previous election held under the act.' It is also true that such act provides that 'it shall not be construed as putting any limitations, except such as are positively stated herein, upon the police powers now possessed by cities, towns and counties.' The constitution of this state gives to cities, counties, and towns the power to enforce within their limits all police regulations not in conflict with general laws. It is settled law that the regulation or prohibition of the traffic in alcoholic liquors is a police regulation. When the act of April 4, 1911, was enacted the

city of San Buenaventura, through its board of trustees, possessed the power to regulate or prohibit such traffic. This Local Option Act only purports to wrest from such board of trustees the power to grant licenses after the electors shall have determined that such city shall be 'no-license territory.' It does not interfere with their power, in the event no election has been held under the act, nor where one has been held and the electors have determined not to make such city 'no-license territory.' In this latter event, the board of trustees in the exercise of their constitutional police power may, notwithstanding such election, enact ordinances regulating or prohibiting the traffic in such alcoholic liquors, if in their opinion the same is necessary for the public welfare. The Initiative Act only purports to confer and only confers upon the electors authority to enact such ordinances as the board of trustees have the constitutional power to enact in the first instance; and when possessing such power, a refusal upon the part of the board to act warrants the electors, under the power reserved by the constitutional amendment, in proceeding under the Initiative Act. We are of opinion, therefore, that the election under the act of April 4, 1911, did not impair the authority of the board of trustees to exercise their police power, except in the single instance where through a vote such city was declared to be 'no-license territory,' and the board of trustees having the power under the result of such election to enact ordinances regulating or prohibiting the liquor traffic, the electors possess the authority under the Initiative Act and under the constitution to exercise the same powers which the board of trustees may exercise. It follows, therefore, that the requisite number of electors may, by petition duly signed and filed, make it obligatory upon the board of trustees to pass the ordinance in question, attached to the petition, without alteration, within ten days after its presentation, or to call an election submitting such ordinance to the electors in the manner provided by the act of January 2, 1912.''

This so clearly and accurately states the questions involved and the law applicable thereto, as we conceive it to be, that we cannot do better than to adopt it as part of our opinion, which we do.

Since the submission of this matter in this court, we have rendered our decision in a proceeding involving precisely sim-

ilar questions (*In re Ellsworth, on Habeas Corpus, ante,* p. 677, [133 Pac. 272], Crim. No. 1774, filed June 14, 1913). So far as the questions here involved are concerned, the opinion therein is entirely in accord with the views expressed by the district court of appeal in this proceeding. Following the views expressed in *Ex parte Beck,* 162 Cal. 701, [124 Pac. 543], as to the scope and effect of the local option law, or the Wyllie Act, as it is called, its application, or rather its nonapplication under such circumstances as exist in this case was clearly shown.

It is ordered that a peremptory writ of mandate issue requiring the respondents either to pass and adopt the proposed ordinance as presented, or to submit the same to a vote of the electors of the city of San Buenaventura in full accord with the provisions of the act entitled "An act to provide for direct legislation by cities and towns including initiative and referendum," approved January 2, 1912 (Stats. 1911 (Ex. Sess.), p. 131).

Melvin, J., Sloss, J., Shaw, J., and Lorigan, J., concurred.