[S. F. No. 6561. In Bank.—August 22, 1913.]

G. W. CRIPPEN, Petitioner, v. F. R. FARRIER, Tax Collector of the County of Lake and ex-officio License Collector thereof, Respondent.

COUNTIES—PROHIBITING SALE OF LIQUOR—LOCAL OPTION—INITIATIVE ORDINANCE.—*In re Ellsworth,* 165 Cal. 677, and *Giddings* v. *Board of Trustees,* 165 Cal. 695, are approved, to the effect, (1) that the police power of a city or of a county, and the authority thereunder to restrict or prohibit the sale of liquor, are not limited by the fact that, at a prior election held within two years under the Local Option Law (Stats. 1911, p. 599), a majority of the electors of the city or of one or more supervisorial districts of the county, may have voted in favor of license; (2) that the police power may, under appropriate constitutional and legislative sanction, be exercised by means of the initiative with the same effect as through the board of supervisors or other representative legislative body; and (3), that the right to so legislate is not impaired by the circumstance that the voting body includes some electors residing in territory that will not be affected by the enactment.

APPLICATION for a Writ of Mandate directed to the tax-collector of Lake County.

The facts are stated in the opinion of the court.

Hoefler, Cook, Harwood & Morris, for Petitioner.

H. B. Churchill, and Pemberton & Pemberton, for Respondent.

SLOSS, J.—This is an original proceeding in this court for a writ of mandate directing the respondent, as tax-collector of Lake County, to issue to petitioner a license to sell intoxicating liquors. An alternative writ was issued, and the respondent answered. Prior to the hearing the parties filed a stipulation whereby they agreed upon the facts, which, so far as they need here be stated, are as follows:

On June 5, 1912, the board of supervisors of Lake County adopted an ordinance for the regulation and licensing of the liquor traffic. The ordinance, which went into effect on the eighth day of July, 1912, provided that the tax-collector of

the county should issue, upon orders made by the board of supervisors, to such person as the board should designate in any such order, a license to engage in the business of selling intoxicating liquors for the term of three, six, or twelve months, at a place designated in the order, upon payment of the sum of seventy-five dollars for each three months. While the order should remain in force, the person to whom it was ordered to be issued was to be entitled to successive new licenses upon payment of the sum named. The conduct of the business, without such license, was prohibited.

On December 4, 1912, the board of supervisors made an order, which has never been revoked, directing the tax-collector to issue to petitioner a license to engage in the business of selling liquor at Kelseyville, an unincorporated town in said county. The petitioner promptly tendered to the respondent payment of the sum of seventy-five dollars and demanded issuance of a license for three months beginning January 1, 1913, and has made a similar tender and demand for a license for the three months beginning April 1, 1913. He makes an offer to pay a like sum for future successive periods of three months. The issuance of a license was refused because of the enactment by the electors of the county, by means of an initiative election held in November, 1912, of an ordinance prohibiting within the county the sale of any intoxicating liquors, except in certain instances not material here.

During the year 1912, elections under the "Local Option Law" (Stats. 1911, p. 599) were held in four of the five supervisorial districts of Lake County, and such elections resulted in two of said districts being declared "no-license territory," while the other two were not so declared. In the remaining district (No. 4) which comprises within its boundaries the incorporated town of Lakeport, there has been no such election. Kelseyville is not within either of the no-license districts.

Any doubts that may have existed concerning the legal propriety, under this state of facts, of the refusal of a license to petitioner, have been removed by the rulings of this court in two cases decided since the issuance of the alternative writ herein. *In re Ellsworth,* 165 Cal. 677, [133 Pac. 272], and *Giddings* v. *Board of Trustees,* 165 Cal. 695, [133 Pac. 479], in each of which an opinion was filed in June of this year,

answer every contention of the petitioner. These cases definitely establish the propositions that the police power of a city or of a county, and the authority thereunder to restrict or prohibit the sale of liquor, are not limited by the fact that, at a prior election held within two years under the Local Option Law, a majority of the electors of the city or of one or more supervisorial districts of the county, may have voted in favor of license; that the police power may, under appropriate constitutional and legislative sanction, be exercised by means of the initiative with the same effect as through the board of supervisors or other representative legislative body (see, also, *In re Pfahler*, 150 Cal. 71, [11 Ann. Cas. 911, 11 L. R. A. (N. S.) 1092], and that the right to so legislate is not impaired by the circumstance that the voting body includes some electors residing in territory that will not be affected by the enactment.

The alternative writ is discharged and the proceeding dismissed.

Angellotti, J., Shaw, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.