(January 6, 1906.)

## MILLS NOVELTY COMPANY v. DUNBAR.

[83 Pac. 932.]

REPLEVIN—GAMBLING DEVICES—SLOT MACHINES—ALLEGATIONS OF COMPLAINT—DENIALS BY ANSWER—SEPARATE DEFENSES—JUDGMENT ON PLEADINGS—CONSTITUTIONAL LAW.

1. Answer examined and *held* sufficient to put in issue the allegations of the complaint.

2. Where the plaintiff moves for judgment on the pleadings, if the answer put in issue the material allegations of the complaint, it is not error to deny such motion.

3. Where the answer puts in issue the material allegations of the complaint and the plaintiff refuses or declines to introduce any

evidence on the trial in support of the allegations of the complaint, it is not error for the court to enter a judgment of dismissal where no affirmative relief is sought by the answer.

4. Where the answer puts in issue the material allegations of the complaint, on the trial it is incumbent on the plaintiff· to establish the material allegations of the complaint by a preponderance of evidence, and where he declines to introduce any evidence whatever it is not error for the court to enter judgment of dismissal.

5. The rule is well established in this court that the constitutionality of a law will not be passed upon unless it is absolutely necessary to do so in order to decide the case.

(Syllabus by the court.)

APPEAL from District Court of Ada County. Honorable George H. Stewart, Judge.

Action in replevin to recover certain gambling devices known as slot machines. Judgment for defendant. Affirmed.

The facts are stated in the opinion.

Hawley, Puckett & Hawley and K. I. Perky, for Appellant.

There is in the answer an attempted denial of the ownership of the property in the plaintiff, but the court will notice that the attempted denial is in the language of the complaint itself, which is no denial whatever. (*Richardson v. Smith,* 29 Cal. 529; *Doll v. Good,* 38 Cal. 287; *Power v. Gum,* 6 Mont. 9, 9 Pac. 575.) In an action of this kind, where the defendant attempts to justify his action in the nature of an avoidance, even though the complaint is not verified, the allegations thereof must be specifically denied in the answer. This rule has long since been laid down by this court in the well-considered case of *United States v. Alexander,* 2 Idaho, 386, 17 Pac. 746. Section 4847 of the Penal Code of Idaho provides for taking property without due process of law. (*Ieck v. Anderson,* 57 Cal. 251, 40 Am. Rep. 115; *State v. Robbins,* 124 Ind. 308, 24 N. E. 978, 8 L. R. A. 438; *Chauvin v. Valiton,* 8 Mont. 451, 20 Pac. 658, 3 L. R. A. 194; *Dartmouth College Case,* 4 Wheat. 519, 4 L. ed. 629; *Brown v. City of Denver,* 7 Colo. 305, 3 Pac. 455; *Stuart v. Palmer,* 74 N. Y. 183, 30 Am. Rep. 289; *Thomas v. Gain,*

35 Mich. 155, 24 Am. Rep. 535; *Davidson v. New Orleans,* 96 U. S. 97, 24 L. ed. 616; *County of San Mateo v. Southern Pac. Ry. Co.,* 13 Fed. 722; *Colon v. Lisk,* 153 N. Y. 188, 60 Am. St. Rep. 609, 47 N. E. 302; *Lowry v. Rainwater,* 70 Mo. 152, 35 Am. Rep. 420; *Garland Novelty Co. v. State,* 71 Ark. 138, 71 S. W. 257.)

Quarles & Pritchard, for Respondent.

Courts will not lend their aid to violators of the law for the purpose of recovering from officers of the law instruments of crime "devised and designed" for gambling purposes. Such instruments are outlawed, and belong to no one.    (*Board of Police Commrs. v. Wagner,* 93 Md. 182, 86 Am. St. Rep. 423, 48 Atl. 455, 52 L. R. A. 775; *Spaulding v. Preston,* 21 Vt. 10, 50 Am. Dec. 68; *State v. Robbins,* 124 Ind. 308, 8 L. R. A. 438, 24 N. E. 978.)    When an act is prohibited, for instance, the catching of fish in nets, the sale of milk that will not stand certain tests, the counterfeiting of money, gambling, etc., the state may, in the exercise of its police power, seize and destroy the instruments by which the forbidden acts are carried on, and in doing so property is not taken from its owner without legal process in violation of the state and federal constitutions, and the fourteenth amendment is not thereby violated.    (*Lawton v. Steele,* 119 N. Y. 226, 16 Am. St. Rep. 813, 23 N. E. 878, 7 L. R. A. 134; *Lawton v. Steele,* 152 U. S. 133, 14 Sup. Ct. Rep. 499, 38 L. ed. 385; *Deem's Case,* 80 Md. 173, 45 Am. St. Rep. 339, 30 Atl. 648, 26 L. R. A. 541; *Spaulding v. Preston,* 21 Vt. 10, 50 Am. Dec. 68; *Board etc. Baltimore v. Wagner,* 93 Md. 182, 86 Am. St. Rep. 423, 52 L. R. A. 775, 48 Atl. 455; *Garland Novelty Co. v. State,* 71 Ark. 138, 71 S. W. 257; *State v. Soucie's Hotel,* 95 Me. 518, 50 Atl. 709; *Furth v. State,* 72 Ark. 161, 78 S. W. 759; *Frost v. People,* 193 Ill. 635, 86 Am. St. Rep. 352, 61 N. E. 1054; *Glennon v. Britton,* 155 Ill. 232, 40 N. E. 594; *Kite v. People,* 32 Colo. 5, 74 Pac. 886; *Bobel v. People,* 173 Ill. 19, 64 Am. St. Rep. 64, 50 N. E. 322; *Wagner v. Upshur,* 95 Md. 519, 93 Am. St. Rep. 412, 52 Atl. 509;

*State v. O'Neil,* 58 Vt. 163, 56 Am. Rep. 557, 2 Atl. 586; *Bales v. State,* 3 W. Va. 687.}

SULLIVAN, J.—This is an action in replevin to recover nine slot machines alleged to be of the value of $325. The plaintiff is an Illinois corporation, and alleges in its complaint that the defendant on the twenty-second day of October, 1904, at Boise City, and without plaintiff's consent, and wrongfully, took said slot machines from the possession of the plaintiff; that upon demand the defendant refused to deliver the same to the plaintiff. Judgment is demanded for the recovery of said chattels or for their value in case delivery cannot be had, together with $25 damages and costs of suit. The amended answer sets up three separate defenses. In the first the incorporation of the plaintiff is admitted, but avers that the plaintiff has not filed a copy of its articles, certified or otherwise, in the office of the Secretary of State of the state of Idaho, and has not in writing or otherwise designated any person residing within the state as its agent upon whom legal process may be served, and denies that the plaintiff was on the twenty-second day of October, 1904; or at any other time, at the city of Boise, or any other place within the state of Idaho, lawfully possessed of said slot machines, or that the plaintiff was at the commencement of this action, or at any time since, entitled to the possession of said slot machines; denies that said slot machines are of the value of $325 or any other sum; denies that said slot machines, or any part thereof, was on said date or at any time the property of the plaintiff; denies that the plaintiff at any time before the commencement of this action demanded the possession of said slot machines; denies that he still unjustly detains the same or ever at any time unjustly detained the same to the damage of the plaintiff in any sum whatever.

For a second defense the defendant alleges that he is a duly appointed, qualified and acting justice of the peace, in and for Boise Precinct No. 2 of Ada county, Idaho; that on the twenty-second day of October, 1904, information was presented to him as such justice of the peace, by which as such justice

of the peace he was informed and satisfied that gambling devices, to wit, said nine slot machines, were then within said city and then in operation as such gambling devices in said city; that said information was derived from an affidavit of the prosecuting attorney of said county; that thereupon defendant, acting as such justice of the peace, forthwith issued warrants to "the sheriff or any deputy sheriff or constable of said county," commanding that said slot machines be brought before him at his office in said city, and that thereupon said slot machines were under and by virtue of said warrants, which warrants were placed in the hands of A. Anderson, a constable of said county, and under and by virtue of which said constable brought before the defendant, as justice of the peace, said slot machines to be dealt with according to law and the statutes in such cases made and provided, and that such slot machines were in the custody of the law and in the possession and under control of said A. Anderson, as constable, subject to the order of said justice's court at the time of the commencement of this action, all of which facts were well known to plaintiff and its agents and attorneys at the time of the institution of this action. It also avers that said slot machines, and each and every of them, were adopted, designed and designated for the purpose of being used solely in gambling; that they were being used for the sole purpose of gambling at the time the same were seized, and that each of the said slot machines had been designed, devised and used for gambling purposes at the time of the seizure of the same and for some days prior thereto, and all of said machines were being used in said Boise City for gambling and playing games, at which money was bet and won or lost; that each and all of said slot machines were gambling devices and were not adapted to nor could they, or either of them, be used for any useful purpose, and that the same and all of them are outlawed property without value or ownership at the time of the commencement of this action and at all times since said date, and that said machines, nor any of them, are susceptible of any legitimate use, are instruments of crime designed and devised for the purpose of violating the statutes of this state

prohibiting gambling, and are incapable of ownership; that such slot machines were at the time of the commencement of this action and at the times mentioned in the complaint, in the possession of said constable under the facts averred.

The third defense alleges that the plaintiff is a foreign corporation, and has not filed its articles of incorporation in the office of the Secretary of State, and has not designated any person upon whom service of process may be served as required by law.

Plaintiff demurred to said amended answer and each of said separate defenses, which demurrer was overruled by the court, and plaintiff thereupon moved for judgment on the pleadings, which motion was denied by the court. The cause coming on for trial, the plaintiff decided to stand on its demurrer to the answer and its motion for judgment on the pleadings and declined to introduce any proof, and the court thereupon dismissed the action at plaintiff's cost.

The notice of appeal states: 1. That the appeal is from said order granting the defendant leave to amend his answer and the order overruling plaintiff's motion for judgment on the pleadings; 2. To the order overruling plaintiff's demurrer to defendant's amended answer; 3. From the judgment dismissing the action at plaintiff's costs.

Counsel for plaintiff has assigned three errors, the first of which is that the court erred in overruling plaintiff's motion for a judgment on the pleadings. Counsel contends that the material allegations of the complaint are not denied, and that the attempted denial of ownership of the property in the plaintiff is in the language of the complaint itself, which is no denial.

We have above set forth the denials and averments of the three separate defenses, and it is clear to us that they are sufficient to put in issue all of the material allegations of the complaint, except the allegation that the plaintiff is a corporation organized and existing under the laws of the state of Illinois, which fact is admitted. That being true, it devolved upon the plaintiff to introduce evidence sufficient to establish his case by a preponderance of evidence, which it

did not do; therefore the court did not err in entering judgment of dismissal. In *Walling v. Bown,* 9 Idaho, 184, 72 Pac. 960, this court, in discussing a motion for judgment on the pleadings, said: "When the plaintiff moved for judgment on the pleadings he not only, for the purposes of his motion, admitted the truth of all the allegations of the answer, but he must also be deemed to have admitted the untruth of all his own allegations which defendants had denied." We think that is the correct rule, as it is incumbent on the plaintiff to prove his controverted allegations by a preponderance of evidence, and where the court has before it nothing but the allegations of the complaint and denials of such allegations by the answer, there is no preponderance in favor of the plaintiff, and the court must enter judgment for the defendant. (See opinion on petition for rehearing in *Inland Lumber Co. v. Thompson, ante,* p. 508, 83 Pac. 933.)

The question of the constitutionality of the anti-gambling laws of the state has been raised, but under the well-established rule in this court, the constitutionality of a law will not be passed upon unless it is absolutely necessary for the determination of the case. We decline to pass upon that question, as it is not necessary to do so in the decision of this case. (*State v. Ridenbaugh,* 5 Idaho, 710, 51 Pac. 750; *State v. Mulkey,* 6 Idaho, 617, 59 Pac. 17; *In re Inman,* 8 Idaho, 398, 69 Pac. 120.) The judgment of the trial court is affirmed with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.