# WILLARD DURAND'S CASE.

Aroostook.    Opinion September 23, 1924.

*Where the written acceptance of the employer specifies and describes his business as "Lumber and those incidental," at "Portage Maine and vicinity," and the employee is injured while hauling logs for the sawmill of employer, though thirty miles distant therefrom, the injury is compensable.*

In this case the cutting and hauling of the logs by the employer to be manufactured into lumber at his sawmill, though cut at a place thirty miles distant from the mill, was incidental to his lumber business.

The word "Vicinity" has an elastic meaning and as applied to territory is indefinite.

On appeal.    Petitioner while in the employ of the Portage Lake Mill Company hauling logs for its sawmill, had his left hand crushed by being caught between a log on the load and a standing tree, which resulted in an amputation.    The accident occurred at Fish River Lake thirty miles distant from Portage Lake where the sawmill was located.

The question involved was as to whether the acceptance of the employer embraced the work performed by claimant. After a hearing compensation was awarded and respondents appealed. Appeal dismissed with costs and the decree below affirmed.

The case is sufficiently stated in the opinion.

Claimant was without counsel.

*Robert Payson*, for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DUNN, J. An accident cost Willard Durand his left arm. The limb was crushed between a log and a standing tree. Mr. Durand at the time was an employee of the Portage Lake Mill Company. He was then hauling logs for that company. in the woods about thirty miles away from its sawmill.

Formal answer to the petition for compensation raised the issue, whether the employer's assent to the Workmen's Compensation Act was inclusive of the employee Durand. The Industrial Accident Chairman found that it was. And whether or not the finding had any evidential support is the question of law on appeal.

The Act carries the provision that if the employer has more than one kind of business, he shall specify that which he desires to bring within the statute. 1919 Laws, Chap. 238, Sec. 3. An employer, who had a sawmill in one town and a box mill in the next town and logged in the timber woods far beyond, limited his assent to the manufacturing industry in the two towns. It was held that his employee, injured while at work in the woods, was not compensable. *Fournier's Case*, 120 Maine, 191. Again, a wood-pulp and paper-making concern, supplying raw material to itself, explicitly manifested non-inclusion of the woods-end by saying that its business was that of pulp and paper making, "excluding cutting, hauling, rafting and driving logs." *Oxford Paper Company* v. *Thayer*, 122 Maine, 201.

In assenting, Durand's employer recited that the "kinds of business included" were "Lumber and those incidental," at "Portage Maine and vicinity." No employees were expressly excluded. The insurance policy filed with the assent, in stating the locations of workplaces, mentions Portage, but is silent on the subject of vicinity. The policy took in employees in sawmills, lumber yards, work-cooks

furnishing board for employees in connection with lumbering risks, drivers and drivers' helpers, and others. The employer, on the authority of the policy, had no other business operations "at this or any other place."

It was essential to the business of the employer that logs be provided to be sawed into lumber. A sawmill without logs to saw would be almost as useless as "a painted ship upon a painted ocean." The mill was in the northern part of Aroostook county. Many square miles of forest-land were thereabouts. Operating a mill in a town and cutting logs in a forest may be substantive, independent businesses. And the cutting may be incident to the operating of the mill. A man may cut logs to sell them to another man, he may cut for hire for another, and he may cut to operate his own mill. In the latter case the cutting would be an incident of his mill business, as the keeping of an hotel is a business incidental to that of operating a railroad. *Navigation Co.* v. *Hooper*, 160 U. S., 514, 40 L. Ed., 515. This employer, incidental to its business of manufacturing lumber, had a logging operation, and Durand was its workman, hurt while working.

But was Durand in the vicinity of Portage Lake? He was in the woods about Fish Lake. The very logs the team he drove was drawing were destined to come out of Fish Lake into Fish River and float down that stream to the mill.

"Vicinity" is from the Latin, "vicinitas," and signifies propinquity, or nearness in place, but not that more immediate closeness or connection which the Anglo-Saxon word, "neighborhood" imports. Usage has broadened the root-form meaning of "vicinity." In the secondary sense surrounding country or region is of its definition. But the word never expresses any definite idea of distance. Reasonable nearness as contrasted with remoteness is the thought that illuminates the mind of the hearer or reader. "Vicinity," to quote from New Hampshire, "admits of a more indefinite and wider latitude in place than proximity or contiguity, and, as applied to territory, may embrace a more extended space than that lying contiguous to the place in question, and as applied to towns and other territorial divisions, may embrace those not adjacent." *Langley* v. *Barnstead*, 63 N. H., 246. "Used in some connections," says the Wisconsin Court, "it may mean a very trifling space; used in others, it may mean thousands of miles." *Burton* v. *Douglass*, 123 N. W., 631. One man's "neighborhood," to instance from the more

restricted word, may be a small hamlet, while the "neighborhood" of another may be a county or a state. *Peters* v. *Bourneau*, 22 Ill. App., 179. Vicinity has not a precise meaning. *Com.* v. *Parker*, 2 Pick., 549. The idea conveyed shifts and varies to correspond with the respective position of other objects. In re Hancock Street, 18 Pa. St., 26. Communipaw is a village in the vicinity of the city of New York. Irving, Knickerbocker, Page 100. "The vicinity of the sun." Bentley, Sermon VII. In a decree enjoining a physician from practising his profession in a city and vicinity the term was held inclusive of the territory on all sides of the city for a distance of ten miles from its corporate boundaries. *Timmerman* v. *Dever*, (Mich.), 17 N. W., 230. A place two miles distant, in reference to the drilling of other oil wells, was not included by the term. *Sparks* v. *Pittsburgh Co.*, 159 Pa. St., 295. The term is relative; its rhetorical estimate depends upon no arbitrary standard of distance or topography.

Considered with reference to its application in the present case, it would be doing violence to the record to say there was no evidence to sustain the finding of the Commissioner, that the logging was incidental to the business of sawing lumber, that the Fish Lake Woods were within the vicinity of the mill at Portage for which the logs were cut, and that Durand was compensable.

The appeal is dismissed with costs and the decree below affirmed.

                                        *So ordered.*