### TIMES PUBLISHING CO. et al. v. STINES et al.

No. 24448.   Oct. 10, 1933.

Owen & Looney and Paul N. Lindsey, for petitioners.

Emerson & Carey, for respondents.

McNEILL, J. This is an original action to review an order and award of the State Industrial Commission made on January 12, 1933, in favor of respondent.

It appears that respondent, an employee of the Times Publishing Company of Okmulgee, Okla., delivered papers in wholesale lots on his motorcycle to adjoining towns for deposit in the various post offices. In delivering these papers to the various towns over his route, respondent sustained an accidental personal injury in colliding with an automobile. The Industrial Commission, on January 7, 1933, found that respondent on the day of the accident was engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law, and on said date respondent sustained an accidental injury arising out of and in the course of said employment, in which accident respondent sustained a broken right leg. The Commission awarded compensation for temporary total disability.

Petitioners contend that the Commission did not have jurisdiction to make the order for the reason that claimant was not employed in a hazardous occupation, subject to and covered by the Workmen's Compensation Law, and that the Commission erred in finding that respondent's injury arose out of his employment with petitioner.

Under the record the Times Publishing Company operated a printing press in printing its papers. Respondent did not assist in operating any of the machinery. His instructions were to report at three o'clock each morning, get his papers, and load them

in bundles on his motorcycle for delivery. In connection with this work he would go into the room where the printing machinery was located for the purpose of assembling the papers for his route. The riding of a motorcycle may be hazardous, but in this instance the facts are too remote to have any logical or appropriate connection with manual or mechanical work incident to the operating of a printing plant where machinery is used. We conclude that the injury sustained by respondent does not come within the protection of the Workmen's Compensation Law. See Oklahoma Publishing Co. v. Malloy, 146 Okla. 157, 294 P. 112; World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. (2d) 1070.

The award is vacated and set aside, and claim of respondent dismissed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, and WELCH, JJ., concur. OSBORN, BAYLESS, and BUSBY, JJ., absent.