[S. F. No. 15628. In Bank.—May 14, 1936.]

STEPHEN A. CASPER, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Public Corporation) et al., Respondents.

Orrick, Palmer & Dahlquist, W. H. Orrick, George Herrington and W. J. Kenney for Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Respondents.

Aaron N. Cohen, C. K. Bonestell and Sidney Rudy as *Amici Curiae* on Behalf of Respondents.

SHENK, J.—This is an appeal from a judgment for the defendants in an action to enjoin the issuance and sale of certain sewer bonds of the City and County of San Francisco.

At an election held for the purpose in 1928 a bond issue was authorized in the sum of $2,200,000 for the construction and extension of the sewer system in the City and County of San Francisco. This construction and extension program was made applicable to five different sewer projects, one of which was to be on "Alemany Boulevard (Islais Creek), from Mission Street to the vicinity of Revere Avenue and Industrial Street". Contracts were let on all five projects, four were completed and as to the remaining project, designated the fourth, a concrete sewer was built to the intersection of Revere Avenue and Industrial Street. To carry on the work thus far done bonds in the sum of $1,809,000 were issued and sold. The city and county now proposes to construct an extension of the Alemany Boulevard or Islais Creek sewer from the intersection of Revere Avenue and Industrial Street toward San Francisco Bay as far as Hudson Street, a distance of some 3,100 feet and to issue and sell bonds of said issue for that purpose in the remaining sum of $391,000.

The plaintiff, a taxpayer, commenced this action to enjoin the issuance and sale of the bonds in the remaining sum on the asserted ground that the purposes for which the entire

bond issue had been authorized had been fully accomplished, and that authority in the municipality was therefore lacking to construct the improvement now proposed from the proceeds of the remainder of said bonds.

The issues as framed by the pleadings presented the question whether the bond proceedings from their inception were so limited and restricted that the purposes of the bonds as voted had been fully accomplished or whether such proceedings were sufficiently flexible to permit the construction contemplated.

The trial court considered the undisputed facts, the documentary evidence showing the record of the bond proceedings from the beginning, and the oral evidence as to the circumstances surrounding the particular proposed improvement. The court found, among other things not necessary to be related, that it was not true as alleged by the plaintiff that the improvements described in the proceedings leading up to the issuance and sale of the bonds had been completed, but on the contrary "that said work had not been fully completed or constructed and that there yet remains unfinished certain sewer construction work to be done and performed in the vicinity of Revere avenue and Industrial street, to-wit, the extension of said Alemany Boulevard (Islais Creek) sewer for a distance of approximately three thousand one hundred (3100) feet"; that "it was always the intention of the city and county of San Francisco to fully extend said Alemany Boulevard (Islais Creek) sewer from Mission Street to a point as close to the bay as possible, and that it was not the intention of said city and county of San Francisco to construct said Alemany Boulevard (Islais Creek) sewer only to the intersection of Revere Avenue and Industrial street and no further". The court further found that all the proceedings leading up to the proposed issuance and sale of the remainder of said bonds were regular and valid and that the improvement proposed was necessary to protect and save and make more efficient the sewer heretofore constructed from Mission Street easterly and known as Alemany Boulevard or Islais Creek sewer.

The plaintiff contends that the findings are unsupported by the evidence. The only oral evidence received was the testimony of N. H. Ohmen, chief civil engineer of the engineering department of the city and county. From his

testimony it is shown that from the beginning of said bond proceedings it was deemed necessary that a concrete sewer be constructed on Alemany Boulevard, not only as a sewage carrier, but also as a watershed run-off carrier, and that this sewer be eventually constructed to the bay on the east; that the open ditches on each side of the boulevard would have to be displaced by the underground conduit; that the sewage conveyed by the open ditch running easterly toward the bay had become a menace to the public health and would have to be taken care of by the construction of a permanent closed sewer; that a temporary wooden conduit had been constructed for a distance easterly from the present terminus of the concrete sewer but that this wooden box or conduit was originally only about one-half the capacity of its adjoining concrete structure and had since become so disintegrated and dilapidated that it would not function as an outlet and had become so filled with obstructions as to cause the water and sewage to back up and overflow the boulevard; that it was realized from the beginning that the proceeds of the entire bond issue would probably be insufficient to complete the other four projects and also construct the extension of the Alemany Boulevard or Islais Creek sewer all of the distance to the bay; that the extent to which it could be extended into that territory would depend in large measure upon the amount of money necessary to complete the other four projects which were in other parts of the city which should be fully completed before further work on the Islais Creek extension was undertaken; that because the cost of construction of the other four projects had been much less than originally estimated there remained a larger sum to be devoted to the Islais Creek extension, which result was greatly to the advantage of the city in advancing an improvement necessary to be made in order to protect and render efficient the improvement already constructed.

The oral evidence was amply sufficient to support the findings based thereon, and it only remains to determine whether the documentary evidence of the bond proceedings themselves were so restrictive as to require in effect the cancellation of the remainder of said bond issue and the initiation of entirely new bond or other proceedings to carry out the project. An inspection of this documentary evidence shows that no definite sum was ever set apart for carrying out each

project; that the amount of the bonds which the electors were called upon to authorize was an estimate of the sum necessary to complete the several projects as a whole; that the work of extending existing sewage systems was specifically authorized; that the termini of these extensions were not definitely fixed; that when a terminus was indicated it was not fixed at a definite point, but placed in the "vicinity" of that point. Webster's New International Dictionary, second edition (unabridged), defines the word "vicinity" as "1. Quality or state of being near, or not remote; nearness; propinquity; proximity; as towns in close vicinity. A region about, near or adjacent; adjoining space or country; neighborhood; as, the vicinity of London." The word does not, therefore, express any definite idea of space or distance. It signifies "propinquity or nearness in place, but not that more immediate closeness or connection which the Anglo Saxon word 'neighborhood' imports". (*Durand's Case*, 124 Me. 59 [126 Atl. 164].) As applied to the proceedings in question the extension of the Alemany Boulevard or Islais Creek sewer is plainly in the vicinity of Revere Avenue and Industrial Street. All through the proceedings the proposed sewer is denominated an extension of an existing sewer, and such it must be deemed to be. The fact that it is further described as being in the vicinity of the streets mentioned makes for sufficient definiteness to satisfy the requirements of the law.

Counsel for the parties and *amici curiae* cite numerous authorities bearing upon the legal requirements in connection with bond issues. The controversy here presents no legal difficulties when once it is determined that the facts as presented by the record support the findings and conclusion of the trial court to the effect that the proposed work is well within the uncompleted purposes of the bond proceedings and that said proceedings are in all respects regular.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., Thompson, J., and Conrey, J., concurred.