(No. 6335.   January 23, 1937.)

UNITED MERCURY MINES COMPANY, a Corporation, and YELLOW PINE COMPANY, a Corporation, Respondents, v. EMMITT PFOST, Commissioner of Law Enforcement of the State of Idaho, and BERT H. MILLER, Attorney General of the State of Idaho, Appellants, and THE HECLA MINING COMPANY, a Corporation et al., Intervenors as Respondents, and INDEPENDENT SCHOOL DISTRICT OF EMMETTSVILLE, Gem County, Idaho, and Other School Districts of the State of Idaho, Intervenors as Appellants.

[65 Pac. (2d) 152.]

Bert H. Miller, Attorney General, Ariel L. Crowley, Assistant Attorney General, and Oppenheim & Lampert, for Appellants.

Hawley & Worthwine, for Respondents.

AILSHIE, J.—This action involves the constitutionality of chapter 65 of the Session Laws of the First Extraordinary Session of 1935 (1935 Extra. Sess., p. 182). On application of the plaintiffs (respondents here), the trial court ordered an injunction against appellants, the commissioner of law enforcement and the attorney general, enjoining and restraining them from proceeding in any manner or form to enforce or execute the provisions of the said act, popularly known as the "Mine Tax Law." Plaintiffs in their complaint set up a large number of objections to the act and urged the same as grounds evidencing the unconstitutionality of the act in question. Among other objections, that plaintiffs urge in their complaint, against the act, is, that it provided no appropriation or means for its proper or adequate enforcement, and also allege as follows:

"The defendants, Commissioner and Attorney General, propose and have threatened to enforce, and will endeavor to enforce, through appropriate action and the imposition of fines and penalties prescribed by the said Act hereinbefore referred to, the collection of the taxes thereby attempted to be

imposed upon the plaintiffs, notwithstanding the manifest invalidity of such Tax Act as hereinbefore alleged.''

Among other things set up in the answer of the defendants is the following paragraph, which is reiterated in the course of the pleadings, and likewise in the briefs:

''These defendants deny that they contemplate or intend to take any proceedings for the enforcement of said act or to assess or inflict any penalty accruing thereunder until it is judicially determined whether or not there are any funds in the Idaho State Treasury appropriated for the payment of such expenses as may be necessary thereto.''

The judgment here entered was rendered upon motion for judgment on the pleadings. A motion for judgment on the pleadings admits the truth of the allegations of the adversary, and, for the purpose of such motion, also admits the untruth of all the allegations of the moving party which have been denied by the adversary. (*Walling v. Bown,* 9 Ida. 184, 72 Pac. 960; *Idaho Placer Min. Co. v. Green,* 14 Ida. 294, 304, 94 Pac. 161; *Mills Novelty Co. v. Dunbar,* 11 Ida. 671, 676, 83 Pac. 932; *Coe v. Bennett,* 39 Ida. 176, 226 Pac. 736.)

For our present purposes, it stands admitted that the defendants are making no effort to enforce the act in question and do not intend to do so unless it be first judicially determined that funds are available to pay the expense of administration, or a legislative appropriation is made for that purpose. Because of this admitted fact alone, the injunction should not have issued; and under no consideration should a legislative act be declared unconstitutional upon such a state of facts.

''Under the well established rule in this court the constitutionality of a law will not be passed upon unless it is absolutely necessary for the determination of the case.'' (*Mills Novelty Co. v. Dunbar, supra; In re Brainard,* 55 Ida. 153, 158, 39 Pac. (2d) 769; *Kimbley v. Adair,* 32 Ida. 790, 793, 189 Pac. 53; *Williams v. Baldridge,* 48 Ida. 618, 284 Pac. 203; *In re Allmon,* 50 Ida. 223, 294 Pac. 528.)

In the state of the issues as they were made up in the trial court, it was error for the court to pass upon the con-

stitutionality of the act, or order the issuance of an injunction. For that reason the judgment will be reversed.

In view of the fact that the attorney general and the commissioner of law enforcement, against whom the judgment was entered, have gone out of office, and a new attorney general, and another law enforcement commissioner, have taken over the respective offices, and that a new administration is now in power, and another legislature is in session, the cause will be remanded, with direction to the trial court to dismiss the action.

Morgan, C. J., and Holden, Budge and Givens, JJ., concur.

Petition for rehearing denied.