(No. 6857.   December 10, 1941.)

JOHN J. McLEAN, Respondent, v. HECLA MINING COMPANY, Appellant.

[108 Pac. (2d) 299.]

‘Chas. E. Horning, for Appellant.

No appearance for Respondent.

MORGAN, J.—Respondent, John J. McLean, applied to the Industrial Accident Board for a hearing on his claim for compensation against appellant, Hecla Mining Company, made pursuant to the provisions of the Occupational Disease Compensation Law, to be found in 1939 Session Laws, chapter 161, commencing on page 286, which is supplemental to Title 43, Idaho Code Annotated, being chapter 21 thereof, containing sections 43–2101 to 43–2132, inclusive. The application for

hearing indicates the claim is made pursuant to section 43–2122. A hearing was had on respondent's application and appellant's answer thereto, and resulted in an award of compensation in favor of respondent and against appellant, from which this appeal has been taken.

The record shows respondent was in the employ of appellant, as a miner, from November 6, 1939, to January 9, 1940, during which he worked only forty-five days; that he had worked in mines all his life but had not worked in Idaho prior to January 23, 1938; that before he commenced work for appellant, its timekeeper told him he would be required to take a physical examination later and whether or not he would continue in the employment of appellant would depend on the results of that examination; that he was given a physical examination by physicians about the eighth or ninth of December, 1939, and was discharged January 9, 1940, because it showed him to be suffering from silicosis.

Section 43–2107 contains the following:

"Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease shall be liable therefor; . . . . provided further that in case of silicosis the only employer liable shall be the last employer in whose employment the employee was last injuriously exposed to the hazards of the disease during a period of sixty days or more after the effective date of this chapter."

Section 43–2109 contains the following provision:

"An employer shall not be liable for any compensation for a non-acute occupational disease unless such claimant was exposed to the hazard of such disease for a period of sixty days for the same employer."

While more than sixty days elapsed between the date on which respondent was hired by appellant and the date on which he was discharged from his employment in appellant's mine, he was exposed to the hazards of the employment forty-five days, at most. The law, above quoted, prohibits the recovery of compensation in this case. (*Habera v. Polaris Mining Co.* and *State Insurance Fund,* 62 Ida. 54, 108 Pac. (2d) 297.

Appellant asserts in its specifications of error:

"That Section 43–2122, I. C. A., under which respondent's claim was filed, is void and of no effect for the reasons: that it violates Section 17 of Article 3 of the Constitution of Idaho, in that said section is not plainly worded; that it is so indefinite, ambiguous, uncertain and unintelligible that it is impossible to understand said section or to comply with it or enforce it; that said section contains provisions which are in such irreconcilable conflict with the intent of the legislature that it is invalid and inoperative; that said section contains within itself such conflicting and irreconcilable provisions that, with or without regard to other sections of the Occupational Disease Compensation Law, said section is not understandable, and is void."

We do not find it necessary to pass upon the constitutionality of the statute, in order to decide the case and, therefore, will not do so. (*Albrethsen v. State*, 60 Ida. 715, 96 Pac. (2d) 437, and cases therein cited on this point.) However, we recommend that the legislature, which will convene shortly, give careful attention to the provisions of the Occupational Disease Compensation Law, and, particularly, that portion of it having to do with silicosis, to the end that its provisions be clarified.

The order awarding compensation is reversed with instructions that the proceeding be dismissed.

Ailshie, C. J., and Givens and Holden, JJ., concur.

Budge, J., deeming himself to be disqualified, did not participate in the decision.