(No. 6940. December 29, 1941)

ARTHUR B. PECK, Plaintiff, v. STATE OF IDAHO, Defendant.

(120 Pac. (2d) 820)

Hamer H. Budge and Willis E. Sullivan, for Plaintiff.

Bert H. Miller, Attorney General, and J. R. Smead, M. Casady Taylor, Leo Breshnahan and Robert M. Kerr, Jr., Assistant Attorneys General.

MORGAN, J.—This action was commenced in this court pursuant to Idaho Constitution, Article V, § 10, wherein is provided:

"The supreme court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the legislature for its action."

It appears from the complaint that the plaintiff herein is a member of the house of representatives from Bannock County and, as such, attended the 1941 Regular Session of the Legislature; that he presented a claim to the state auditor for $5.00, accompanied by proper re-

ceipts, and bearing the signature and approval of the speaker of the house of representatives, for reimbursement for one day's expenses necessarily incurred by him as a member of the legislature, for lodging and subsistence pursuant to 1941 Idaho Session Laws, page 141, Chapter 73; that the claim was certified by the auditor to the state board of examiners, and was disallowed.

Plaintiff prays for a judgment recommending to the next session of the legislature that he be paid, by an appropriation duly made, the sum of $5.00. Further, "that this court construe and determine his rights under and by virtue of Chapter 73 of the 1941 Session Laws and declare the same in such judgment of recommendation."

Defendant alleges· in its answer "that said complaint herein does not state facts sufficient to constitute a cause of action or proceeding for a recommendatory, or other judgment, against this defendant." It is further alleged in the answer that said Chapter 73 is void because it is in conflict with, and violative of, Idaho Constitution, Article III, § 19 and § 23, and Article V, § 27.

Chapter 73 is:

## "AN ACT

"APPROPRIATING THE SUM OF THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), NOT OTHERWISE APPROPRIATED OR SO MUCH THEREOF AS MAY BE NECESSARY FOR THE ACTUAL AND NECESSARY EXPENSES OF THE MEMBERS OF THE LEGISLATURE FOR LODGING AND SUBSISTENCE ACTUALLY INCURRED AND PAID BY THEM WHILE ABSENT FROM THEIR PLACES OF RESIDENCE IN THE SERVICE OF THE STATE; AND DECLARING AN EMERGENCY.

*"Be It Enacted by the Legislature of the State of Idaho:*

"Section 1. There is hereby appropriated out of the general fund not otherwise appropriated, the sum of Thirty-five Thousand Dollars ($35,000.00), or so much thereof as may be necessary, for the actual and necessary expenses of the members of the Legislature, actually expended by them for subsistence and lodging while absent

from their usual places of residence in the service of the State of Idaho, at a rate not exceeding five dollars ($5.00) per day, to be evidenced by vouchers showing such expenditures.

"Sec. 2. This Act is necessary for the support of the state government, and an emergency existing therefor, this Act shall take effect and be in force from and after its passage and approval.

"Approved March 3, 1941."

That act does not expressly grant to the members of the legislature compensation for expenses incurred by them for board and lodging while absent from their usual places of residence, in the service of the state. It appropriates $35,000, or so much thereof as may be necessary, for that purpose.

█ █ In enacting Chapter 73, the legislature apparently proceeded on the erroneous theory that its members were entitled to be paid their expenses, by the state, for board and lodging while in its service, without a grant to that effect, and all that was necessary to be done, in order for them to receive the money, was to enact a law appropriating it. The right of a member of the legislature to be reimbursed for his said expenses, for board and lodging, is not expressed in Chapter 73, or elsewhere in the Constitution or Statutes of Idaho. If the legislature ever attempted to confer that right it appears by inference only, from the fact that Chapter 73 appropriates money with which to reimburse the members of the 1941 Session of the Legislature, the amount of their said expenses.

Article III, § 23 of the Constitution provides:

"Each member of the legislature shall receive for his services a sum not exceeding five dollars per day from the commencement of the session; but such pay shall not exceed for each member, except the presiding officers, in the aggregate, $300 for per diem allowances for any one session; and shall receive each the sum of ten cents per mile each way by the usual traveled route. * * *"

That section does not fix the salary at $5.00 per day, but fixes the maximum per diem for services. Acting pursuant to the authority of the foregoing constitutional pro-

vision, the legislature enacted Idaho Code Annotated, § 65-406, as follows:

"Each member of the legislature shall receive for his services the sum of five dollars per day from the commencement of each regular session, but such pay shall not exceed for each member, except the presiding officers, in the aggregate $300.00 for per diem allowances for any one session; and shall receive each the sum of ten cents per mile each way by the usual traveled route. The presiding officers of the legislature shall each, in virtue of his office, receive an additional compensation equal to one-half his per diem allowance as a member: provided, that whenever any member of the legislature shall travel on a free pass in coming to or returning from the legislature the number of miles actually traveled on such pass shall be deducted from the mileage of such member."

The foregoing statute is the general law of the state, applicable to all members of the legislature at any and all times until repealed or amended. No amendment has ever been made to this statute. It was in full force and effect when the appropriation act here under consideration was passed.

It is a universally recognized rule of construction that, where a constitution or statute specifies certain things, the designation of such things excludes all others. *People v. Goldman*, 1 Ida. 714, 23 Pac. St. Rep. 714; 59 C. J., 984, § 582; 16 C. J. S., 61, § 21. The statute provides that members of the legislature shall receive $5.00 per day for their services and, in addition thereto, "shall receive each the sum of ten cents per mile each way by the usual traveled route." That is an express declaration that each member of the legislature shall receive $5.00 per day for his services and ten cents per mile each way for traveling. The specification of per diem and mileage therein was evidently intended as a definite declaration of the amount to be received by each member of the legislature for services and expenses, and the limit thereof.

If we should so construe Chapter 73 as to read into it a grant to the present members of the legislature of the right to reimbursement of the amounts of

their expenses for board and lodging, the act would be special, not general in its application, for nothing can be found to support a construction that the board and lodging of future legislators are to be paid for at the expense of the state. The appropriation made by Chapter 73 is not available to future legislators. (I. C. A., § 65-3409, as amended by 1941 Sess. L., p. 141, chapt. 74). Chapter 73 is clearly intended to appropriate money to reimburse the present members of the legislature for their actual and necessary expenses for subsistence and lodging, while absent from their usual places of residence, in the service of the state. If we construe that appropriation act to also grant to the present legislators the right to the allowance, we would render it void because of conflict with Article III, § 19 of the Constitution, which provides:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:

"* * *

"Creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed."

Neither 1941 Session Laws, Chapter 73, nor any other statutory provision confers on plaintiff a right to any part of the appropriation made by that chapter, and judgment will be for defendant, dismissing the action.

It is worthy of note, that the legislative session of 1925 (1925 Sess. L., p. 452) submitted to the people a proposed constitutional amendment raising the maximum compensation for members of the legislature from $5.00 per day to $10.00 per day, and that the amendment was defeated at the next ensuing election. A similar amendment was again proposed by the 1927 legislative session (1927 Sess. L., p. 594) and it, too, was defeated by the voters.

 The conclusion we have reached makes unnecessary the decision of other constitutional questions presented. *United Mercury Mines Co. v. Pfost*, 57 Ida. 293,

65 Pac. (2d) 152; *Albrethsen v. State*, 60 Ida. 715, 96 Pac. (2d) 437; *McLean v. Hecla Mining Co.*, 62 Ida. 75, 108 Pac. (2d) 299.

Ailshie, J., and Buckner, D.J., concur.

Givens and Holden, JJ., dissent.

Budge, C.J., deeming himself to be disqualified, did not sit with the court at the hearing, nor participate in the decision.