This court in Carstens Packing Co. v. Industrial AccidentBoard, 123 P.2d 1001, held that appellant was not a covered employer under the unemployment compensation statute as it existed prior to 1941.[1] The present action arises under the emphasized proviso of the amendatory sec. 18-5, chap. 182, 1941 Session Laws, pp. 393-4, which provides:
"The term 'covered employment' shall not include —
"* * *
"(f) Services performed in the employ of an individual owner or tenant operating a farm in connection with the cultivation of soil, the production and harvesting of crops or the raising, feeding or managing of livestock, bees or poultry, or in connection with the processing, packing or marketing of the produce of such farm where such processing, packing or marketing is an incident to the ordinary farming operations of such individual owner or tenant; provided, however, thatnothing in this subsection shall be construed to exclude fromthe term 'covered employment' *Page 379 services performed in the employ of any person or persons whooperate a farm or farms only incidental to a principaloccupation or occupations which would otherwise be termedcovered employment within the meaning of this Act."
The cardinal rule of statutory construction constituting the primary premises from which we proceed in correctly interpreting the amended statute is that "where a statute is amended by changing the language from that used in the original statute, the presumption arises that a change in application was intended." (Anderson v. Rayner, 60 Idaho 706, at 713,96 P.2d 244.) The first portion of the amendment enumerates those things which are, because of their agricultural nature, not covered. The proviso has nothing to do with such elaborated enumeration of what theretofore was comprised within the term "agricultural labor" but excludes from the non-applicability of the statute all those activities where they are "only incidental to a principal occupation or occupations which would otherwise be termed covered." If the legislature had merely intended to more elaborately define "agricultural labor" without extending the scope of the act and reducing the scope of the exceptions, no exceptions or provisos would have been inserted. But it is clearly apparent that the legislature intended by this amendment to bring more activities within the purview of the unemployment insurance statute in keeping with the general statutory trend as heretofore recognized by this court in Batt v. Unemployment Compensation Division,123 P.2d 1004, at 1008.
No one questions that appellant in its activities as a packer of meat and in the powers enumerated in its articles of incorporation would be covered. Likewise, it is conceded that its farming, stock raising, and feeding operations are agricultural in their nature. The question for determination is not whether these operations are agricultural, but whether they are "only incidental" to appellant's business as a packer. Appellant by its own articles of incorporation limited its activities and did not include stock raising or the feeding and fattening thereof.[2] *Page 380 
The general rule that the inclusion of one excludes another, or, in other words, that the specific designation of certain definite things excludes all others, was early recognized and announced by this court and universally followed. (Peck v.State, 63 Idaho 375, 120 P.2d 820, at 822. See also 25 C.J. 220. 16 C.J.S. 61, sec. 21.)
Articles of incorporation restrict corporations to those activities incidental to its main purposes. In other words, the activities to be authorized, if not expressly mentioned and enumerated in the articles of incorporation, must be incidental. (19 C.J.S. 373, sec. 945.) Also, general terms following particular words are limited to things of the same general kind as those first mentioned. (19 C.J.S. 381-2, sec. 948.) This rule as applied to corporations, confining their unenumerated activities to those incidental to its authorized business, has been specifically applied by our court, hence, it is unnecessary to go beyond the expressions of this court in determining that farming and stock raising operations under the statute, as now amended, if legitimately carried on by appellant, must be carried on only if incidental to those enumerated activities.
"The powers of a corporation, like its corporate existence, are derived from a grant by the state or other sovereign creating it, and it has no powers except such as are expresslyor impliedly conferred by its charter. (14a C.J., p. 246, sec. 2075.)
"* * * The articles of incorporation of respondent company recite that the purposes for which it is formed are to own, acquire, hold, manage, control, operate and maintain *Page 381 
a canal system, as well as to acquire the water rights taken up for the irrigation of the lands under said irrigation system, and to acquire other water rights in case the same may be deemed desirable, and generally to do any and all things necessary or proper to be done in conducting the business of supplying its stockholders with water for irrigation and domestic use and other useful and beneficial purposes." (Sanderson v. Salmon River Canal Co., 45 Idaho 244, at 253-4,263 P. 32.) [Emphasis ours.]
It will be noticed that the articles of incorporation here do not contain the last phrase in the above quotation, that is, "generally to do any and all things necessary"; hence, unless the farming and stock raising operations are incidental they are illegal because it is only incidental unenumerated powers which are permissible. See Lewiston Orchards Irr. Dist. v.Gilmore, 53 Idaho 377, at 381, 23 P.2d 720, where the court construed and applied the word "incidental." It is not a matterof respondent's questioning the right of appellant to engage inthe farming and stock raising operations, but appellant itselfhas, by assuming to undertake these activities, forecloseditself from denying that these operations are incidental to itsauthorized business. (Rabbitt v. Union Indemnity Co., 140 Cal.App. 575,35 P.2d 1066.) They are incidental because not mentioned but excluded. Other authorities in line with the rule above pronounced in Sanderson v. Salmon River Canal Co., supra, that a corporation is limited to the activities expressly enumerated and those incidental are: Moore v. LosLugos Gold Mines, 172 Wn. 570, 21 P.2d 253; State v. WheatFarming Co., 137 Kan. 697, 22 P.2d 1093; Loveland Co. v.Doernbecher Mfg. Co., 149 Ore. 58, 39 P.2d 668; OklahomaWheat Pool Elevator Corp. v. Bonquot, 180 Okl. 159,68 P.2d 97.
Appellant urges that the following cases support its contention that its stock raising and feeding operations are, however, not incidental: First National Bank of St. Louis v.State, 68 L. ed. 486, 263 U.S. 640; Nicolett National Bank v.Frisk-Turner Co., 71 Minn. 413, 74 N.W. 160; People v. ChicagoGas Trust Co., 130 Ill. 268, 22 N.E. 798; Hood v. New York,22 Conn. 1; State v. So. Pacific, 52 La. Ann. 249, 28 So. 372;Western Maryland R. Co. v. Blue Ridge Hotel Co., 102 Md. 307,62 A. 351. If we concede that such holdings are correct, it immediately leads appellant into the culdesac that if, following those authorities, its stock raising *Page 382 
and feeding operations herein are not incidental, they are illegal because not sanctioned by its articles of incorporation, hence, appellant has no right to engage therein. If legal, they are incidental; if incidental, they come within the proviso, which leads inevitably to the conclusion, since the courts universally presume that acts are lawful and intended to be lawful by the perpetrator thereof, that appellant by its own contentions has established that these activities are incidental, and therefore it comes within the purview of the proviso. Appellant has thus established its own dilemma, upon one horn or the other of which it has empaled itself.
But appellant argues these operations are not "only incidental," that is, not confined to or subordinate to its main business, because only half of these products are consumed by it. However, the activity must be only incidental if it be otherwise prescribed by failure to be enumerated in the articles of incorporation. In other words, if the activity, in part, or in whole, is not so incidental as to be an adjunct of the main activities, it is not within the legitimate scope of those things which the state impliedly empowered the corporation to engage in by the filing of its articles of incorporation. The mere fact that the farming and stock raising activities are under separate management and in Idaho rather than in Washington still leaves all of these operations being performed by appellant itself; in other words, there has been no change of identity or entity.
"incidental. 1. Occurring in the course of or coming as a result or an adjunct of something else; concomitant; as, incidental expenses. 2. Happening or coming without regularity or design; foreign or subordinate to the general purpose; occasional; casual; accidental; as, an incidental remark; incidental variations; an incidental acquaintance." Funk 
Wagnalls New Standard Dictionary.
"incidental. 1. Happening as a chance or undesigned feature of something else; casual; hence, not of prime concern; subordinate; as, an incidental expense. 2. Liable to happen or to follow as a chance feature or incident; as the trials incident to married life. 3. Met by chance; as, an incidental meeting. Rare." Webster's New International Dictionary, 2d ed.
From these and definitions in the following cases: Burk v.Mead, 159 Ind. 252, 64 N.E. 880; State v. So. *Page 383 Pacific, supra; Nicolett National Bank v. Frisk-Turner Co., supra; Durand's case, 124 Me. 59, 126 A. 164; First NationalBank of St. Louis v. State, supra; Hood v. New York, supra;People v. Chicago Gas Trust Co., supra; Chandler Chandler v.City of Shreveport, Louisiana, 162 So. 437; In re Sickles,156 N.Y.S. 864; Western Maryland R. Co. v. Blue Ridge Hotel Co., supra; Times Pub. Co. v. Stines, 165 Okl. 300, 25 P.2d 791;Peterson v. State Ind. Ace. Comm., 140 Ore. 326,12 P.2d 564; Biggart v. Lewis, 183 Cal. 660, 192 P. 437, we glean that there are two common, essential, and distinguishing characteristics which define the word and give it form and substance, namely, the idea of subordination, that is, in a secondary or dependent position; and connection or relationship. In other words, there must be a bond which unites two activities; though the two activities may be entirely different, they nevertheless must pertain to and be part of a common end or aim, and certainly no one can deny that a packing plant cannot exist without livestock being raised and brought thereto, nor, on the other hand, would the livestock itself be of any avail, generally speaking, until it is prepared for human consumption. Now, it is true that the same individual or corporation need not engage in both activities, but one is a concomitant or correlative of and essential to the other. Therefore, either one is incidental to the other under the above definitions and the cases cited by both parties.
The order should be affirmed.
Holden, C.J., concurs in this dissent.
[1] "Sec. 18-5. Excepted Employment.
"The term `covered employment' shall not include —
"* * *
"(f) *Agricultural labor;"
"* * *."
(1939 S.L. 577.)
[2] "(a) The slaughtering of animals and packing of meats and manufacture of all kinds of slaughter house products.
"(b) The buying and selling of cattle, meat and all kinds of food materials.
"(c) To deal in, manufacture and sell all classes of machinery and appliances.
"(d) To own and operate all kinds of water craft and landing facilities and appliances thereto pertaining.
"(e) To manufacture or store ice and to engage in refrigerating and general storage, either on private account or for the government and to act as public warehousers for all classes of goods and merchandise.
"(f) To acquire, own and sell real estate, goods, wares and merchandise of all kinds and also all other personal property necessary or convenient to carry out any of the purposes herein mentioned with authority to mortgage the same and to sell notes and bonds secured thereby."